ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.*

SHAW.

Opinion delivered February 7, 1910.

1. CARRIERS—LIABILITY FOR CONCURRING NEGLIGENCE.—Where the negligence of trainmen in passing a railway station without signal concurred with the negligence of an express company's truckman in causing the death of a person lawfully on a railway station platform, the negligence of the railway company was an efficient cause of the injury.  (Page 18.)

2. SAME—CONCURRING NEGLIGENCE.—Where a passenger, while waiting for his train at a station, was jostled by an express company's truck, and thereby thrown in front of a train then passing the station without signal, and was killed, it was not error to refuse to instruct that if deceased was pushed near the railroad track by a truck owned and operated by the express company, and on account of such push was run over and killed by the train, the jury should find for the defendant railway company, as the negligence of the trainmen concurred in causing the death.  (Page 19.)

3. SAME—DUTY TO PERSONS ON PLATFORM.—A carrier owes to passengers and others lawfully using its premises the duty to protect them from the dangerous habits of the servants of an express company in negligently moving trucks about the platform without warning.  (Page 19.)

4. SAME—DEATH OF PASSENGER—CONTRIBUTORY NEGLIGENCE.—Where an infant passenger was waiting for his train, and in trying to escape from an express truck was thrown in front of a train which was approaching without signal, and was killed, an instruction that if deceased could have stepped out of the way of the truck, without

moving towards the track, the jury should find for defendant was erroneous in leaving out of account the fact that deceased did not know of the train's approach, and that he was an infant. (Page 20.)

Appeal from Hempstead Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*Kinsworthy & Rhoton* and *Jas. H. Stevenson,* for appellant.

1. The court erred in treating appellant's negligence in the operation of its train as the proximate cause of the injury. 56 Ark. 387; 21 S. C. 466; 1 Thompson, Neg. § § 44-45.

2. Appellant's eighth and twelfth instructions should have been given, submitting to the jury the proposition that if deceased was knocked or frightened into the way of the oncoming train by a truck operated by an employee of an express company, appellant would not be responsible therefor. 3 Thompson, Neg. § 2767; 114 Ind. 476; 24 L. R. A. 215; 50 Am. Rep. 141.

3. The court erred in refusing appellant's ninth instruction, submitting the question of contributory negligence on the part of deceased.

*McRae & Tompkins* and *D. L. McRae,* for appellee.

1. The negligence of appellant in the operation of the train was a concurring cause of the injury, and the court so treated it. 61 Ark. 381; 73 *Id.* 116; 89 *Id.* 581; 29 Cyc. 496.

2. Appellant's eighth and twelfth instructions were properly refused, for it is liable for injuries resulting from the continuance of a course of conduct on the part of the express agents which was dangerous to persons rightfully upon the premises. 123 Mich. 634; 33 Cyc. 807.

3. Appellant's ninth instruction was properly refused. 55 Ark. 248; 76 *Id.* 227; 29 Cyc. 521.

McCulloch, C. J. This is an action instituted by the administrator of the estate of Joe Shaw, deceased, to recover damages resulting from an injury of said decedent by one of appellant's passenger trains at Hope, Arkansas. Deceased was a boy 17 years of age, and was on his way from Emmett, a station on appellant's road, to Washington, Arkansas, which is on the line of the Arkansas & Louisiana Railway Company. He came from Emmett to Hope over appellant's line, and at the time he was run over by the train he was waiting for his train to start on the Arkansas & Louisiana Railroad. The two roads jointly used the

same station and platform at Hope. Deceased was accompanied by his brother, who was his elder by only two years. While waiting for the train, he, with other passengers, was on the platform. While he was standing on the platform a few feet from the railroad track and looking up the track, he either was struck from behind by a moving baggage or express hand truck, and knocked or jostled toward the track, or stepped toward the track to get out of the way of the truck. This occurred just as a passenger train from the south passed along at a high rate of speed, and he was caught by the pilot beam of the engine, knocked under the train and mortally injured. Some of the witnesses say that he was struck from behind by the truck and knocked or jostled toward the track. Another witness says that he was struck by the truck, which "kind o' staggered him, and he just made one step before the train hit him." Others say he stepped over toward the track to get out of the way of the truck and lost his balance, and another witness says that deceased was never in the way of the truck, but took a position on the platform close enough to the track for the pilot beam of the engine to strike him. It appeared that he was unconscious of the approach of the truck on the platform or of the train, and was looking in the other direction. Another train was switching in the yard nearby, and there was enough noise and confusion to drown the noise of an approaching train. The testimony warranted a finding that no signals, by bell or whistle, were sounded by the approaching engine.

The court, over appellant's objections, submitted the case to the jury on the following instructions requested by appellee:

"2. You are further told that where a railroad company is running its trains through populous communities, towns and cities, where the presence of persons upon the track is to be expected, it is its duty to give notice in some way, either by sounding the whistle, ringing the bell, or in some other way, of the approach of the train, and, if necessary, to reduce the speed of the train. So in this case, if you believe from the evidence that the deceased was without fault, and that he was killed by reason of the failure of the defendant to discharge its duty in this regard, your verdict should be for the plaintiff.

"3. If you believe from the evidence that the death of the deceased was caused by the neglignce of the defendant com-

pany, a recovery will not be defeated on the ground of contributory negligence, unless it appears from the evidence ·that the deceased himself failed in the exercise of ordinary prudence, and that such failure so contributed to the injury that it would not have occurred if he had been without fault."

The court also gave four other instructions at appellant's request as to the duty of deceased under the circumstances; and also gave the following at appellant's request: "The jury are instructed that the defendant had the right to run its train through the town of Hope without stopping, and that the employees of defendant in charge of said train had a right to presume that passengers and parties on the platform would keep out of the way of moving trains, and the jury are instructed that the defendant is not liable for running its trains through the said town of Hope at the speed shown by the evidence."

It is contended that if the evidence shows that deceased was struck ·by a hand truck, operated by a servant of the express company, the alleged negligence of the trainmen in failing to give signals was not the proximate cause of the injury, and that instruction number two was erroneous in submitting the ·case to the jury on that charge of negligence. The evidence warranted the finding of a state of facts constituting concurring negligence on the part of the trainmen  in failing to give signals, which rendered appellant liable for damages.   When the truck came along and struck deceased, or ·caused him to step aside, he was standing very near the track looking in the opposite direction, and apparently unconscious of his danger.   He was not injured ·by being struck by the truck; but his proximity to the railroad track caused him, when struck by the truck, or when he stepped out of the way of the truck, to get near enough to the track for the passing train to catch him.   His position in ·close proximity to the track was an incident to the injury, and this was caused by the negligence of the trainmen in failing to give signals of the approach of the train, as the jury might have found that he would not have been in that position if he had received proper notice of the approach of the train.

There were two street crossings nearby, and the statutes require that signals be given under such circumstances.   If a warning had been given, deceased would not have been close

enough to the track to be struck by the train or to be knocked or jostled over near the track as the train passed along. Thus the negligence of the trainmen concurred with the negligence of the truckman in producing the injury. In other words, the negligence of the trainmen caused deceased to be in a position where he was injured, and where he would not have been but for the act of negligence, which thus became one of the efficient causes of the injury. *City Elec. Ry. Co.* v. *Conery,* 61 Ark. 381; *Chicago Mill & Lbr. Co.* v. *Cooper,* 90 Ark. 326; *St. Louis, I. M. & S. Ry. Co.* v. *Corman,* 92 Ark. 102.

The court refused to give the following instructions requested by appellant:

"8. If the jury believe from the evidence that the truck in question belonged to the Pacific Express Company, and was handled by employees of that company, then the defendant railway company is not liable, and you will so find."

"12. If the jury believe from the evidence that deceased was pushed or knocked on to or near the railroad track and in front of a moving train by a truck owned and operated at the time by the Pacific Express Company, and on account of such push or knock was run over and killed by the train, you will find for defendant."

These instructions were asked on the theory that the act of the agent of the express company in running the truck against deceased was that of an independent agency, for which appellant was not responsible. The instructions were, however, erroneous, even if it be conceded that appellant was in no wise responsible for the alleged negligent act of the truckman, for they place the responsibility for the injury entirely upon the act of the truckman; and, as the jury had a right to conclude that the negligence of the trainmen was a concurring cause of the injury, it was incorrect to say that the verdict should be for appellant if it was found that the truckman who ran the truck against deceased was a servant of the express company. If the negligence of the trainmen concurred as a proximate cause of the injury, it matters not what other agency was the other concurring cause.

But the instructions were incorrect in other respects. Even if it be conceded that the railway company was not primarily

responsible for the servants of the express company, still it owed passengers and others using by lawful right its premises the duty of protection from dangerous habits of such servants in negligently moving trucks about the platform without warning to any one. *Huddleston* v. *St. Louis, I. M. & S. Ry. Co.*, 90 Ark. 378. There was evidence to the effect that the truckman of the express company was permitted to pursue a course of conduct in operating trucks about the platform which was dangerous to those on the platform, and it would have been erroneous, in any view of the case, to tell the jury broadly, as is done in these instructions, that the railway company was not responsible for the negligent act of the truckman.

Error is assigned in the refusal of the court to give the following instruction:

"9. If the jury believe from the evidence that at or just before the time deceased, Joe Shaw, was struck by defendant's engine, he could have gone around or stepped out of the way of the truck in question by moving towards the depot instead of moving towards the railroad track, then it was his duty to have done so—moved towards the depot—and his failure to do so and moving towards the railroad track and in front of the approaching train was negligence on his part, and you will find for the defendant."

This instruction was clearly erroneous, even if it was correct in other respects, in leaving out of account the fact that deceased did not know of the approach of the train, and that no warning of its approach had been given. It also leaves out of account the age of deceased, and holds him to the highest degree of discretion and judgment under trying circumstances. The instruction was properly refused.

There are other assignments of error which we do not deem of sufficient importance to discuss. The judgment is affirmed.

Battle, J., not participating.

### ON REHEARING.

Opinion delivered February 28, 1910.

McCulloch, C. J. We find on re-examination of the evidence in the record that we were not justified in saying that

"there was evidence to the effect that the truckman of the express company was permitted to pursue a course of conduct in operating the trucks about the platform which was dangerous to those on the platform." This does not, however, change the result, for the requested instruction was properly refused for other reasons stated in the opinion. We do not wish to be understood as holding that the railroad company is not responsible for the negligent act of the servant of the express company. It is unnecessary to pass on that question. We held in *Huddleston v. St. Louis, I. M. & S. Ry. Co,* 90 Ark. 378, that a railway company is not primarily liable for the negligence of a mail agent; but whether or not the same rule should be applied as to liability for negligence of a servant of the express company using the premises of the railroad company under contract and by permission,. we do not undertake to decide in this case.

Rehearing denied.