ARKANSAS CENTRAL RAILWAY COMPANY v. WILLIAMS.

Opinion delivered April 17, 1911.

RAILROADS—TRAVELLER AT CROSSING—CONTRIBUTORY NEGLIGENCE.—Whether
plaintiff, struck and injured by a train at a crossing, was guilty of
contributory negligence was properly left to the jury where he testi-
fied that he looked and listened for the train before reaching the
track, but failed to see the train because of some bushes which
obscured his vision.

Appeal from Franklin Circuit Court, Charleston District;
*Jeptha H. Evans,* Judge; affirmed.

*Lovick P. Miles, Thomas B. Pryor* and *Vincent M. Miles,*
for appellant.

The court should have directed a verdict for appellant, be-
cause of appellee's contributory negligence shown in the evidence.
This is a case, according to the uncontradicted evidence, of a
traveler approaching a railroad crossing with nothing to obstruct
his view or to prevent his seeing an approaching train for three-

quarters of a mile in the direction from which it was coming. Had he exercised the care required by law, and exercised his faculties of seeing and hearing, he could not have failed to see and hear the train.   54 Ark. 431; 74 Ark. 372; 82 Ark. 522; 85 Ark. 532.

*Jo Johnson,* for appellee.

The court should not have directed a verdict.   When fair-minded persons might reasonably differ on the question of contributory negligence, it is for the jury to determine from the evidence, under proper instructions.   80 Ark. 19; 76 Ark. 227; 78 Ark. 520; 79 Ark. 241; 126 S. W. 850; 132 S. W. 992; 133 S. W. 1124; 134 S. W. 315; 90 Ark. 19.

FRAUENTHAL, J.   A. J. Williams, the plaintiff below, was struck by one of defendant's trains while he was attempting to cross over its railroad tracks at a public crossing, and was painfully and severely injured.   In his complaint he alleged that the injury was caused by defendant's negligence, which consisted in failing to give the warning signal by bell or whistle of the train's approach to the crossing as required by section 6595 of Kirby's Digest.   Defendant denied the allegations of negligence attributed to it, and pleaded contributory negligence on plaintiff's part as a bar to any right to recover.   The trial of the case resulted in a verdict in favor of plaintiff for $500, and defendant has appealed from the judgment entered thereon.

It is not insisted on this appeal that the evidence was insufficient to warrant the jury in finding that the defendant was negligent in failing to ring the bell or blow the whistle as the train approached the crossing at which plaintiff was injured, or that the trial court erred in the declarations of law which it gave to the jury, or because of the refusal to give any instruction asked for; nor is it claimed that the amount of the damages returned by the jury is excessive.   The sole ground urged upon this appeal why the judgment of the lower court should be reversed is that the undisputed evidence shows that the plaintiff was guilty of negligence which contributed to cause his injury, thereby barring him from recovery.

Somewhat briefly stated, the testimony adduced at the trial on the part of the plaintiff, presented the following case:   In the afternoon of September 3, 1909, plaintiff was traveling in a

top buggy along a public highway known as the Greenwood & Fort Smith road, and at a point known as Carnall crossing he was struck by one of defendant's passenger trains while he was attempting to cross the track. At that place defendant's railroad runs from west to east, and is situated upon a prairie; but the track runs up-grade back towards the west from this crossing for a distance of about one-half mile, where it runs over an elevation called by some of the witnesses a hill. From this hill down to Carnall crossing the track is straight, and the only obstructions along the railroad were some bushes which extended along the side of the railroad for some distance from the hill towards the crossing. The testimony on the part of the plaintiff tended to prove that, while some of these bushes were not as high as the smoke stack of a locomotive, yet they were of sufficient height to obscure the view of a train when one was so situated that they were within the line of his vision.

The train on this occasion ran from the west to the east, and the plaintiff was traveling in the public road from the northwest to the southeast, but for a considerable distance back from Carnall crossing the highway ran almost parallel with the railroad, so that a train coming from the west was at his back. When he came to a point about fifty or sixty feet distant from the railroad crossing, the plaintiff stopped his horse and buggy and looked up and down the track and listened for a train, and, seeing none, he proceeded to the crossing in order to go over the track. He testified that as he approached the crossing from this point he continued to look up and down the track and to listen for a train, and that he heard and saw no train until his horse had got upon the railroad track. . It appears that on each side of the crossing there was a cattle guard, and that the track was elevated somewhat above the public road.

Plaintiff testified that at the moment he saw the train it was, as he thought, about two or three hundred yards distant, and that he was unable to turn his horse on account of the narrowness of the road and the proximity of the cattle guards, and that he endeavored to rush his horse across the track to escape injury. It appears that the train was running down grade at a great rate of speed, and that it struck the buggy. in which plaintiff was seated, cutting it loose from the shafts and tugs so

that it broke the buggy in pieces and knocked the plaintiff a distance of sixty feet, but did not injure the horse. Plaintiff was severely cut and injured about the head and body, and was carried upon the train back to Fort Smith in an unconscious condition.

It appears from the testimony of the plaintiff that at the point in the public road where he stopped about fifty or sixty feet from the crossing the bushes which extended down for a considerable distance from the hill along the side of the railroad were in the line of his vision of the track, so that it might have obscured the view of the train for some distance down the track from the hill; and it further appears that these bushes may have obscured the view of the train from that point until the plaintiff's horse got on the track, when plaintiff first saw the train.

The testimony on the part of the defendant tended to prove that the railroad track at this place was perfectly straight for a distance of half a mile or more back from the crossing to the hill; and, had the plaintiff looked in that direction at any point in the highway for a distance of several hundred yards back from the crossing, he could not have failed to see the train. It is therefore earnestly insisted by counsel for the defendant that the physical facts show either that the plaintiff did not look in that direction, or that if he did he saw the train and simply attempted to take the risk of crossing the track in front of it, and that this as a matter of law constituted contributory negligence on his part which bars him from recovery.

The principles of law that are applicable to cases like the one at bar, where a traveler has been injured by a train at a public crossing, have been repeatedly announced by this court. It has been held that it is negligence *per se* for one who approaches a railroad crossing to fail to look and listen for the approach of trains, and that it is only in exceptional cases that it is proper to submit to the jury the question as to whether the failure to exercise that precaution is excusable. It has been further held that such traveler must not only look and listen for the approach of a train before he goes upon a track, but he must continue to look and listen until he is past the point of danger, and that he must look both ways, up and down the track, *Railway Company* v. *Cullen,* 54 Ark. 431; *Little Rock & Ft.*

*Smith Ry. Co.* v. *Blewitt,* 65 Ark. 235; *St. Louis & S. F. Rd. Co.* v. *Crabtree,* 69 Ark. 135; *St. Louis, I. M. & S. Ry. Co.* v. *Hitt,* 76 Ark. 225; *Choctaw, O. & G. Rd. Co.* v. *Baskin,* 78 Ark. 355; *Garrison* v. *St. Louis, I. M. & S. Ry. Co.,* 92 Ark. 437.

Where the undisputed evidence shows that the injured person had an opportunity to see and hear the approach of the train at or before the time of the accident, and that his opportunity was such that he could not have failed to have seen or heard the train in time to have avoided the injury if he had used due care in looking and listening, then he will be deemed to have seen and heard the train, even though he should testify that he looked and listened and did not either hear or see the train. Under such circumstances the fact that the person injured did not use the proper degree of care so clearly appears that it leaves no inference or fact in doubt; and where such evidence is undisputed, the question of contributory negligence becomes a question of law for the court, and not of fact for the jury. As is said in the case of *St. Louis, I. M. & S. Ry. Co.* v. *Dillard,* 78 Ark. 520, the traveler "is deemed to have seen or heard what is plainly to be seen or heard." *Martin* v. *Little Rock & F. S. Ry. Co.,* 62 Ark. 156; 33 Cyc. 1117.

But where the evidence is conflicting, the question as to whether or not the traveler at the public crossing did look and listen for an approaching train before reaching the crossing, and whether or not he did continue with vigilance and care until the point of danger was past, is ordinarily one of fact for the jury to determine. Unless the evidence is either uncontradicted or is indisputable, to the effect that he did not look and listen, the verdict of a jury finding that the traveler did so look and listen should not be set aside as a matter of law. Where it is uncertain as to whether or not there was a possibility for the traveler to have been able to see or hear the approaching train, either because the evidence is conflicting or because there is doubt as to the inference to be drawn from the facts proved, the question of contributory negligence is properly one to be submitted to the jury. Under such circumstances, the question is left in doubt as to whether or not the party did look and listen for the approach of a train, and it cannot be said that it is conclusively shown that he did not do so when

he testifies that he did. If there was an obstruction which obscured the view of the train within the line of the traveler's vision, then it cannot be conclusively inferred that he did not look, although by looking he did not see the train. 33 Cyc. 1118; *St. Louis, I. M. & S. Ry. Co.* v. *Johnson,* 74 Ark. 372; *St. Louis, I. M. & S. Ry. Co.* v. *Robt. Hitt,* 76 Ark. 227; *Choctaw, O. & G. Rd. Co.* v. *Baskin,* 78 Ark. 355; *Chicago, R. I. & Pac. Ry. Co.* v. *Moon,* 88 Ark. 231; *St. Louis, I M. & S. Ry. Co.* v. *Garner,* 90 Ark. 19; *St. Louis, I. M. & S. Ry. Co.* v. *Stacks,* 97 Ark. 405.

In the case at bar, the plaintiff testified that he did both look and listen at a point fifty or sixty feet distant from the crossing, and did continue to look and listen as he approached the track. We think that there was some evidence from which the jury were warranted in finding that he exercised this necessary precaution, but was prevented from discovering the approach of the train at any moment earlier than he did on account of its rapid approach and the fact that his view of the train was obscured by bushes along the side of the railroad. We cannot say, therefore, that the physical facts as proved were such that it is indisputable that the plaintiff must have seen the train sooner than he did had he looked, or that it necessarily follows that he did not look when he testified that he did, although he did not see the train. During all the time that he was traveling from the point where he had stopped in the road until he reached the dump of the railroad, there was some evidence from which the jury might have found that the bushes along the side of the track were directly in the line of his vision and obscured any view of the train. The jury could, under this testimony, have very well found that he did look during all this time; and that he did not see the train.

We are therefore of the opinion that, under the facts and circumstances of this case, it was a question for the jury to determine as to whether or not the plaintiff did exercise the necessary precaution by looking and listening for the approach of trains before attempting to go over this public crossing, and that there was some evidence adduced upon the trial of the case upon which the finding that he did exercise that care and caution could be based. We cannot say, therefore, as a matter

of law, from this testimony that the plaintiff was guilty of contributory negligence.

The judgment is accordingly affirmed.