SMITH v. MISSOURI PACIFIC RAILROAD COMPANY.

Opinion delivered May 5, 1919.

1. RAILROADS—CROSSINGS—CONTRIBUTORY NEGLIGENCE.—A traveler approaching a railroad crossing is bound to exercise such care and prudence as an ordinarily prudent man would exercise, under the circumstances, in looking and listening for approaching trains and stopping, if need be, before going on the crossing, and if he fails to do so, he is guilty of negligence barring a recovery, although the railroad company is guilty of negligence.

2. RAILROADS — CROSSING — ACCIDENT—CONTRIBUTORY NEGLIGENCE.— Where plaintiff, injured at a railroad crossing, testified that he looked and listened for an approaching train before turning on the crossing, and that he did not see or hear one, and the testimony showed that his vision was partially obscured by trees and that the train approached the crossing at an unusually high rate of speed without signaling for the crossing, it was a question for the jury whether defendant was guilty of contributory negligence in going upon the crossing.

3. RAILROADS—ACCIDENTS AT CROSSINGS—CONTRIBUTORY NEGLIGENCE. —A traveler at a railroad crossing has a right to rely to some extent upon the statutory signals being given, which would give him notice of the approach of a train.

Appeal from Lawrence Circuit Court; *Dene H. Coleman*, Judge; reversed.

STATEMENT OF FACTS.

John Smith sued the Missouri Pacific Railroad Company for damages for injury to himself and to his automobile caused by a collision with one of the defendant's trains at a public crossing in the town of Swifton, Arkansas. The facts are as follows:

On the 28th day of February, 1918, at about 9:30 o'clock in the morning, John Smith started across the railroad track at a public crossing north of the depot in the town of Swifton, Arkansas, in a seven-passenger automobile. A southbound train struck the hind wheel of the automobile as it was passing over the main track of defendant's line of railroad and demolished the automobile and severely injured Smith. Swifton is a town of about six hundred inhabitants. The railroad track runs north and south directly through the town. The depot

is on the west side of the track and there are two public crossings in the town, one north and one south of the depot. The track is straight for a considerable distance north of the depot. There is a gin on the right side of the right-of-way of the railroad near the north crossing. It was in operation on the day of the injury and there were a good many people in town. It was very dry and the atmosphere was filled with smoke and dust. On the morning of the injury John Smith went to town in his automobile and stopped on the east side of the railroad track opposite the depot. He put some things in his automobile and then went north along a public street parallel with the railroad track. The track was perfectly straight for 10 or 12 miles north of the crossing. As he went up the street some trees just outside of the right-of-way and some telegraph poles on the right-of-way on the east side of the railroad track obstructed his view to the north to some extent. Smith drove his automobile up the street facing the way the train was coming and when he got to the crossing he turned to the left to go across the railroad track. He was going 10 or 12 miles an hour up the street parallel to the railroad track, but slowed down to five or six miles an hour when he made the turn to go on the crossing. He first crossed the passing track and when he got on the main track, the hind wheels of his automobile were struck by a southbound train. Smith looked and listened for a train until he turned on to the crossing, but did not see nor hear one until the train was right on him and it was too late to get off of the track. The train was going at the rate of fifty miles an hour at the time it struck the plaintiff. Its usual schedule time was forty-two miles an hour.

Other witnesses corroborated the plaintiff as to the speed of the train and as to the fact that smoke and dust obscured the view of the train.

Several other witnesses testified that no warning of the approach of the train was given by ringing the bell or blowing the whistle.

On the other hand both the engineer and fireman testified that the engineer blew one long blast of the whistle for the station, then four blasts for the crossing as required by the statute; that just after the engineer blew the whistle for the station that he set the bell to ringing and never shut it off until the train was stopped; that the bell on the engine rings automatically; that the engineer was on the right hand side of the engine and although keeping a lookout, he could not see the plaintiff until the train was right on him; that the fireman was also keeping a lookout and that as soon as he saw the plaintiff was going to drive upon the track, he gave the alarm to the engineer and that everything that was possible to do was done in order to stop the train and avoid injuring the plaintiff; that he at first thought that the plaintiff was not going to try to cross the track ahead of the engine and believed that he would stop at a safe distance away from the track; that he gave the alarm as soon as he discovered that the plaintiff intended to cross.

The court directed the jury to return a verdict for the defendant and from the judgment rendered the plaintiff has appealed.

*W. A. Cunningham* and *W. P. Smith,* for appellant.

It was error to instruct a verdict for defendant. A case for a jury was made by the evidence giving it its strongest probative force in appellant's favor and the judgment should be reversed for a new trial by a jury. No bell was rung or whistle sounded. It was dark and dusty, the speed was excessive and a proper lookout was not kept. Appellant was not guilty of contributory negligence at a public crossing. There were questions for a jury on the evidence and should be submitted to a jury upon the conflicting evidence. *Bush* v. *Brewer,* 136 Ark. 246; 74 Ark. 408; 89 *Id.* 496; 92 *Id.* 445. The evidence shows that due diligence was not used, nor due precautions taken for plaintiff's safety and to avoid the injury and a case was made for a jury.

*Troy Pace,* for appellee.

1. The operatives of a train have the right to assume that a traveler approaching the track when a train is coming in plain view will stop before he goes upon the track until it passes. If after discovering the peril the trainmen exercised due and ordinary care to avoid the injury, the company is not liable. 92 Ark. 440-445.

2. The law of this case is well settled and a verdict was properly instructed. 206 S. W. 43; 111 Ark. 129; *Ib.* 134; 112 *Id.* 452; 110 *Id.* 161; 130 *Id.* 586; 207 S. W. 440; 168 *Id.* 135. Unless the testimony of the trainmen is arbitrarily disregarded the trial court could do nothing less than instruct a verdict. 78 Ark. 237.

HART, J., (after stating the facts). The only question necessary to consider on the appeal is whether the court erred in giving a peremptory instruction to find for the defendant. The action of the court in directing a verdict for the defendant was upon the theory that under the facts disclosed the plaintiff was guilty of contributory negligence as a matter of law. No inflexible rule can be laid down as to when or under what circumstances a traveler at a public railroad crossing will be free from contributory negligence in going over the crossing; but each case must necessarily depend upon its own particular facts. As a general rule a traveler on a street or highway approaching a railroad crossing is bound to exercise such care and prudence as an ordinary prudent man would exercise under the circumstances in looking and listening for approaching trains and stopping, if need be, before going on the crossing, and if he fails to do so, he is guilty of contributory negligence barring a recovery, although the railroad company itself is guilty of negligence. In the present case the plaintiff testified that he did look and listen for an approaching train before turning on the crossing, but that he did not see or hear one.

Counsel for the defendant claim that plaintiff's testimony in this respect is not entitled to any probative force because the railroad track was straight for several miles north of the crossing and that he was bound to have seen the train had he looked for it. It will be remembered that the plaintiff drove northward on the street parallel with the railroad track and that he said there were some trees just outside of the right-of-way and some telegraph poles inside the right-of-way which obscured his vision to the north. In addition to this he listened for the statutory signals for the crossing to be given and did not hear them. It is true he did not look for the train when he got on the crossing; but the track to the north was straight and plaintiff had been looking in that direction for the train and listening for its approach or signals thereof as he drove up the street. When he did not see or hear the train as he drove on the crossing, the jury might have found that he was justified under the circumstances in thinking there was no train coming near enough to prevent his crossing in safety and that it would be best for his safety to devote his whole attention to driving his car over the crossing. He has only thirty-five yards to go and it will be remembered that the train struck the hind wheels of his automobile, thus showing that in another instant he would have been across.

Other witnesses testified that no warning of the approach of the train was given by blowing the whistle or ringing the bell for the public crossing as required by the statute.

The undisputed evidence shows that the train was going at a speed of fifty miles an hour when its schedule time was forty-two miles an hour. The fact that no warning of the approach of the train to the public crossing was given and that the train was moving at an unusually high rate of speed were essential elements for the consideration of the jury in determining whether the plaintiff was guilty of contributory negligence. *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Kimbrell,* 111 Ark.

134, and *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Roddy,* 110 Ark. 161.

It was also shown that the air was full of dust and smoke on the morning in question and that this, in a measure, formed a curtain which obstructed the view to the northward and thus prevented the plaintiff from seeing the approaching train until it got nearly upon him; at least the jury might have found this to be true. The plaintiff had a right to rely to some extent upon the statutory signals being given by the railroad company which would give him notice of the approach of the train. When all these facts and circumstances are considered, we think it was open to the jury to say whether or not the plaintiff was guilty of contributory negligence. See *Arkansas Central Ry. Co.* v. *Williams,* 99 Ark. 167, and *Bush* v. *Brewer,* 136 Ark. 246.

It follows that the court erred in directing a verdict for the defendant, and for that error the judgment must be reversed and the cause remanded for a new trial.