MISSOURI PACIFIC RAILROAD COMPANY *v.* HARDEN.

4-5396                                     125 S. W. 2d 466

Opinion delivered February 27, 1939.

*T. B. Pryor* and *Daggett & Daggett,* for appellant.
*John C. Sheffield,* for appellee.

HOLT, J. The only question presented by this appeal is: Is there evidence of a substantial nature sufficient to support the jury's verdict?

Appellee, L. M. Harden, on April 7, 1938, filed complaint in the Phillips circuit court in which he alleged that as he drove upon appellant's track at a regular crossing in the city of Marianna, Arkansas, the automobile which he was driving was struck by one of appellant's trains, resulting in damages to his car and injuries to himself; that before driving on the crossing he brought his car to a full stop within fifteen or twenty feet of the track, looked in both directions and listened to determine whether or not a train was approaching, that his view was obstructed so that he could see, only in one direction, but a short distance. That he saw no train approaching. That appellant was negligent in failing to give the statutory signals by ringing the bell or blowing the whistle, and prayed for damages to his automobile in the sum of $250.00 and for personal injuries

in the sum of $2,000. Appellant denied every material allegation in the complaint and interposed the affirmative defense of contributory negligence on the part of appellee. A trial to a jury resulted in a verdict for appellee in the sum of $750.00.

The material facts stated in their most favorable light to appellee show that at the time of the collision he was living in Helena, Arkansas, and was a traveling salesman. During the past six years he had made Marianna frequently and was familiar with the crossing in question, having passed over it many times. Just before the collision in question appellee was driving West on Locust Street. When within fifteen or twenty feet of the crossing, he brought his car to a complete stop, listened but heard no warning signals of any kind indicating the approach of a train. He looked in both directions, north and south, and saw no train approaching. From where his car stopped he could only see a distance of 150 feet in the direction from which the train was coming. The crossing is on a curve of the railroad track. Appellee's vision was obstructed by trees and heavy foliage, and the record shows, both from photographs and testimony of witnesses, that the street over which appellee was traveling comes out of a cut just before crossing the track. Appellee after he started his car at the point fifteen or twenty feet from the crossing in attempting to pass over it, did not again look in the direction of the train until he was upon the crossing. The windows in his car were up. His motor made no noise to amount to anything and his car was making very little noise. His hearing is good. There is other evidence presented that no warning signals as required by the statute were given before this collision occurred. No complaint is made as to any instructions given or the amount of the verdict.

Under these facts, appellant earnestly contends that we should say as a matter of law that appellee was guilty of a degree of negligence equal to or greater than the operatives of appellant's train and, therefore, barred from recovery. To this contention we cannot agree. The principle of law governing in a case of this kind has been

frequently declared by this court and is well stated and illustrated in *Smith* v. *Missouri Pacific Railroad Company*, 138 Ark. 589, 211 S. W. 657, wherein this court said: "No inflexible rule can be laid down as to when or under what circumstances a traveler at a public railroad crossing will be free from contributory negligence in going over the crossing; but each case must necessarily depend upon its own particular facts. As a general rule a traveler on a street or highway approaching a railroad crossing is bound to exercise such care and prudence as an ordinary prudent man would exercise under the circumstances in looking and listening for approaching trains and stopping, if need be, before going on the crossing, and if he fails to do so, he is guilty of contributory negligence barring a recovery, although the railroad company itself is guilty of negligence. In the present case the plaintiff testified that he did look and listen for an approaching train before turning on the crossing, but that he did not see nor hear one. Counsel for defendant claim that plaintiff's testimony in this respect is not entitled to any probative force because the railroad track was straight for several miles north of the crossing and that he was bound to have seen the train had he looked for it. It will be remembered that the plaintiff drove northward on the street parallel with the railroad track and that he said there were some trees just outside of the right-of-way and some telegraph poles inside the right-of-way which obscured his vision to the north. In addition to this he listened for the statutory signals for the crossing to be given and did not hear them. It is true he did not look for the train when he got on the crossing; but the track to the north was straight and plaintiff had been looking in that direction for the train and listening for its approach or signals thereof as he drove up the street. When he did not see or hear the train as he drove on the crossing, the jury might have found that he was justified under the circumstances in thinking there was no train coming near enough to prevent his crossing in safety and that it would be best for his safety to devote his whole attention to driving his car over the crossing. He had only

thirty-five yards to go and it will be remembered that the train struck the hind wheels of his automobile, thus showing that in another instant he would have been across. Other witnesses testified that no warning of the approach of the train was given by blowing the whistle or ringing the bell for the public crossing as required by the statute.''

The instant case presents a state of facts less favorable to appellant than those in the above case. Here we have a person approaching a street railroad crossing which is on a rather sharp curve. His view is so obstructed by trees, foliage and the banks of the cut from which he is emerging that he could not see more than 150 feet in the direction from which the train was approaching, when he looked after bringing his car to a complete stop fifteen or twenty feet from the track. He heard no signals or warnings of any kind from the operatives of appellant's train. Under these conditions, the jury might have found that the proximate cause of the collision and consequent damages was the failure of appellant to give the statutory signals.

In *St. Louis, I. M. & S. Ry. Co.* v. *Prince,* 101 Ark. 315, 142 S. W. 499, this court said: ''Where a traveller crossed several tracks at a public crossing and was injured, it was held that where there was evidence that the plaintiff looked and listened before going on the track where he was injured, but on account of obstructions he was unable to see the approaching train in time to avoid injury, and was unable to hear it, the question whether he was guilty of contributory negligence was properly submitted to the jury. And to the same effect, see, also, *St. Louis, I. M. & S. Ry. Co.* v. *Garner,* 90 Ark. 19; 117 S. W. 763 *Louisiana & Ark. Ry. Co.* v. *Nix,* 94 Ark. 270, 126 S. W. 1076; *Ft. Smith & W. Ry. Co.* v. *Nessek,* 96 Ark. 243, 131 S. W. 686; *Arkansas & La. Ry. Co.* v. *Graves,* 96 Ark. 638, 132 S. W. 992; *St. Louis, I. M. & S. Ry. Co.* v. *Stacks,* 97 Ark. 405, 134 S. W. 315; *Arkansas Cent. Ry. Co.* v. *Williams,* 99 Ark. 167, 137 S. W. 829.''

On the whole case, therefore, we conclude that there is evidence of a substantial nature to support the jury's verdict, and no errors appearing, we accordingly affirm.