HARRIS *v.* SCHICKER CONST. CO.

5-3928                                            407 S. W. 2d 114

Opinion delivered October 3, 1966

[Rehearing denied November 14, 1966.]

*Patten & Brown* and *Robert O. Levi,* for appellant.

*Wright, Lindsey & Jennings,* for appellee.

George Rose Smith, Justice. This is an action by the appellant, a subcontractor, against the prime contractor and its bondsman to recover a balance due the plaintiff upon a school construction job at Arkadelphia. The case was submitted to the jury upon general instructions and two specific interrogatories. Owing to some slightly obscure allegations in the pleadings the parties are not in agreement about the judgment that should be entered upon the jury's answers to the interrogatories. The trial court awarded the plaintiff a judgment for $1,500. The plaintiff-appellant contends that the amount should be raised to $2,850, while the defendant-appellee contends on cross appeal that the amount should be reduced to $345.91.

Harris's complaint alleges that he and the Schicker company entered into a subcontract by which Harris agreed to erect the iron framework for the building at a contract price of $6,700, upon which there is an unpaid balance of $1,350. In addition, the complaint alleges that Harris did extra work for which he should receive $6,670.94, making a total claim of $8,020.94. The complaint then goes on with this paragraph, which led to the present dispute:

> The defendant Schicker Construction Company, Inc., has alleged that certain offsets of value of $2,504.09 are due against the charges and contract sum aforesaid, and the plaintiff, although denying that in fact any offset or counter-charges are due to the defendant Schicker Construction Company, Inc., but for the purpose of this lawsuit and in order to give defendant Schicker Construction Company, Inc., the benefit of questionable charges or claims, reduces his claim, after allowance of $2,504.09, to $5,516.85, and further claims the 12 per cent penalty and reasonable attorney's fee against the defendant, United States Fidelity & Guaranty Company.

The defendant filed an answer and a counterclaim, which contained these two paragraphs:

> They admit that Schicker Construction Company, Inc., has a claim against the plaintiff in the sum of $2,504.09, but they deny that the said charges are questionable, deny that plaintiff is entitled to recover any sum whatsoever and deny that plaintiff is entitled to any penalty or attorney's fee.
>
>     *    *    *    *
>
> Ray Harris failed and refused to perform the said written contract in its entirety and failed to perform other portions of the contract in accordance with its terms, thereby breaching the said contract and causing damage to Schicker Construction Company, Inc., in the amount of $2,504.09, as set out in the complaint of the plaintiff. Plaintiff has admitted the said claim in the amount of $2,504.09, but contends that the said amount should be used to reduce a claim of the plaintiff. Since the plaintiff does not have any valid claim against Schicker Construction Company, Inc., to offset any part of the said sum of $2,504.09, Schicker Construction Company, Inc., is entitled to recover the said sum of $2,504.09 from the plaintiff.

Harris filed a reply in which he denied all of the defendants' material allegations "and specifically denies that any admission has been made in the pleadings of the plaintiff or by the plaintiff that any sum is due Schicker Construction Company by failure of Ray Harris to perform any and all agreements that may have existed between Schicker Construction Company, Inc., and Ray Harris."

At the trial many witnesses were called. Both Harris's claim to compensation for extra work and Schicker's claim to damages for Harris's errors and omissions were disputed issues of fact. Both issues were submitted to the jury. At Schicker's request the court instructed the jury that Schicker had the burden of proving its

right to recover on the counterclaim and that if Harris had breached the written contract either by a failure to perform or by improper performance the jury should determine the amount of Schicker's damages.

By agreement of counsel the case went to the jury on two interrogatories which we quote, with the answers:

What amount, if any, do you find that the plaintiff is entitled to recover for extra work not included in the written contract? $1,500.00.

What amount, if any, do you find that Schicker Construction Company has been damaged by reason of the breach of contract, if any, by Harris Erection Service? None.

As we have said, the court awarded Harris a judgment for $1,500—the amount fixed by the jury under the first interrogatory. On the record now before us the contract balance of $1,350, owed by Schicker to Harris, is an undisputed item. That is, this amount is admittedly unpaid, and even though there was conflicting testimony about whether Harris had failed to perform his contract, that issue was not submitted to the jury under either of the two interrogatories. If it should be argued that the question of Harris's breach of contract was submitted to the jury by the instruction that we have mentioned, the answer is that that instruction related only to the counterclaim, and the jury found in Harris's favor upon that branch of the case.

Harris contends that since the contract balance of $1,350 is admittedly unpaid, and since by the language of the first interrogatory the verdict for $1,500 was for "extra work not included in the written contract," he is entitled to recover $2,850. Schicker does not dispute this contention, but it insists that there must be deducted from the $2,850 the item of $2,504.09 mentioned in the pleadings, leaving a net judgment of only $345.91.

We think the plaintiff's position to be correct. We

do not construe Harris's pleadings as containing an unqualified admission that he owed Schicker $2,504.09 no matter what his recovery proved to be under his own complaint. His attorneys evidently knew that they could recover the statutory penalty and attorney's fees from the insurance company only if they recovered the full amount sued for. Hence, as a precautionary measure, they conceded Schicker's claim solely as an offset against the upper $2,504.09 of Harris's own claim. If there is any ambiguity in the complaint the matter is set clearly at rest by the reply, with its specific denial of any admission by Harris of liability to Schicker for nonperformance of the contract.

The jury was not concerned with the state of the pleadings. If the jury had found—and there was nothing in the instructions to preclude such a finding—that Harris was entitled to recover his entire claim of $6,670.94 for extra work and that Schicker was due nothing upon the counterclaim, Harris would have been entitled to a judgment for only $5,516.85 instead of $8,020.94. This is because with respect to that very situation Harris had waived the upper $2,504.09 of his asserted cause of action. But when it turned out that Harris's total recovery was fixed at only $2,850 the waiver was of no effect, for Harris's pleadings cannot fairly or reasonably be construed to mean that he conceded the merits of the counterclaim with respect to such a verdict.

Reversed on direct appeal; affirmed on cross appeal.

HARRIS, C. J., and WARD, J., dissent.

PAUL WARD, Justice, dissenting. There are several respects in which I am unable to agree with the majority opinion.

*One.* On page 3 of the opinion it is stated: "Both Harris's claim to compensation for *extra work* and

Schicker's claim to damages for Harris's errors and omissions were *disputed issues* (emphasis mine) of fact. Both issues were submitted to the jury.'' The rest of the opinion is apparently based on the above quoted statement which is true insofar as it goes—which statement is, however, only part of the truth. It is also true that it was a *disputed issue* whether Schicker owed Harris the balance of $1,350 (or any amount) on the written (or original) contract. This can be verified by reading the testimony of William C. Reynolds, Frank Bowers, G. W. Lashlee, W. T. McNutt, and E. B. Schicker, Jr.—all as abstracted by appellant himself. Not only so, but Instruction No. 3 (Tr. 403) presents that same *disputed issue* to the jury.

*Two.* In appellant's Motion for a new trial (set out at pages 15 to 19 of his brief) there appears this paragraph:

> ''4. That after the jury returned answers to the interrogatories, counsel for both parties appeared before the trial judge on or about July 9, 1965, and presented the understanding of each party as to the agreement under which the cause was submitted upon interrogatories.''

Following the above appellant sets out his version of the ''agreement''—it being admitted no written record was made. The trial court heard the evidence presented on the Motion and denied the same. In my opinion this settles the issue. In *Sellers* v. *Harvey*, 220 Ark. 541, we said:

> ''Another settled rule is that the motion is addressed to the sound discretion of the court and this court will not reverse for failure to grant it unless an abuse of such discretion is shown.''

No such abuse is pointed out by the majority.

Therefore, it seems to me that the majority has

usurped the function of the trial court which found that there was no misunderstanding between the parties when the case was presented to the jury.

The case was fully developed, the jury was correctly instructed, the Motion for a new trial was properly overruled, therefore I think the jury verdict should be accepted and the judgment affirmed.

HARRIS, C. J., joins in dissent.