## NICKENS *v.* STATE.

Decided March 19, 1892.

*New trial—Surprise.*

> One who is surprised by his adversary's testimony is not entitled to a new trial on that ground if, instead of asking a postponement to procure necessary evidence, he reserves his surprise as a masked battery in the effort for a new trial.

APPEAL from *Washington* Circuit Court.

E. S. McDANIEL, Judge.

Appellant was found guilty of an assault with intent to kill John Hughes. Among other grounds for a new trial he alleges that he was surprised by the testimony of a witness to the effect that, on a certain occasion, he had admitted having shot at Hughes. He subjoined the affidavits of certain persons present at the time mentioned who denied that appellant made the alleged admission ; and he alleged that the presence of these witnesses at the trial could not have been procured after the testimony was introduced, because they resided thirty-five miles from the county seat. The court's action in refusing a new trial is relied upon as error.

*J. D. Walker* for appellant.

A new trial should have been granted. The testimony of the witnesses was not merely *cumulative*, but tended to *obliterate* and *destroy* evidence upon which defendant was convicted. 3 Ind., 142; 5 Am. Cr. Rep. (Gibbons), 469. Entirely new and positive testimony seeking to *contradict* testimony given at the trial, and *to show that it was untrue*, cannot be deemed cumulative. "No diligence could guard against evidence which the defendant alleges is *false*." 42 Barb., 24; 4 Am. Law Reg., N. S., p. 190.

*W. E. Atkinson*, Attorney General, for appellee.

No diligence whatever is shown, and there is no merit in the motion for a new trial on the ground of surprise. 18 Ark., 574; 26 *id.*, 502. Furthermore, the evidence was cumulative.

COCKRILL, C. J.   The first duty of a party surprised at the trial by the testimony offered by his adversary is to make application for a postponement of the trial, in order that he may repair the damage done him by the unexpected testimony.   If the delay is granted and his witnesses secured, he has no cause to complain.   If the court refuses to grant him the opportunity to get his witnesses to refute the unexpected testimony, he is then in position to press the court's refusal as a ground for a new trial.   If he takes his chance of a verdict in his favor in spite of the surprise, without an effort to repair the injury while yet he may, he must abide his election to stand the hazard of the verdict.   He is held to have waived whatever right of objection he may have had, when he discovers his surprise for the first time after verdict.   It may be, for aught that appears in this record, that, upon a timely application for a postponement of a few days, the attendance of all the witnesses whom the appellant desires now to examine could have been had at his trial.   He made no such application, but elected to strive for an acquittal on the testimony he had, suppressing his surprise for use as a masked battery in his effort for a new trial.   The court did not err in disregarding it.

There is no other question of serious consideration in the case.

Affirm.