NATIONAL CASH REGISTER COMPANY *v.* HOLT.

4-4519

Opinion delivered February 8, 1937.

618

*Warren & Warren,* for appellant.
*Silas W. Rogers,* for appellee.

SMITH, J. Appellant sued appellee on a note, the execution of which was admitted. The note was given in part payment of a cash register, upon which a small down payment had been made. Liability on the note was denied, upon the ground that the execution of the contract of sale, which was the consideration for the note and which was in writing, had been induced by fraudulent representations as to the kind and character of the register. The further defense was interposed that the note and contract were signed upon the condition that the register be placed in appellee's store, where it was to be used, and that the salesman representing appellant agreed that he would keep the note and contract in his possession until Monday following the date of sale and would not then transmit them to appellant, his principal, unless the register had proved satisfactory. The agent explained, so the answer alleged, that he could not deliver a register unless and until he had a signed order for the register, but it was agreed that the contract of sale and the note based thereon should not be effective until appellee had the opportunity to inspect and use the register until the following Monday. Testimony was offered in support of these allegations of the answer to the

effect that the register was not the latest model, as the agent had represented it would be, but was in fact an old model, and was otherwise unsatisfactory.

The abstract of the testimony is not as full as it should be. Indeed, a motion to dismiss the appeal for noncompliance with rule 9 was made on that account. But we do gather from the abstract before us that appellee made demand upon the salesman for the late model register which the salesman had represented was being sold, and that the agent declined to make the exchange, whereupon appellee discarded the register and discontinued its use and now holds it subject to appellant's order.

Appellant objected to this testimony, upon the ground that it varied and contradicted the contract of sale. The testimony was not incompetent for that reason. Its purpose was to show that no contract had ever been made, as the contingency upon which it should become effective never happened, that is, that the register should be the latest model and would prove satisfactory upon trial after reasonable opportunity for that purpose had been afforded. *Mansfield Lbr. Co.* v. *Gravette,* 177 Ark. 31, 5 S. W. (2d) 726.

Appellee testified that he signed the contract in blank with the understanding that the terms and conditions above-mentioned would be written therein; but this was not done. That such testimony did not violate the rule against varying a written instrument by parol testimony was expressly held in the case of *New Home Sewing Machine Co.* v. *Westmoreland,* 183 Ark. 769, 38 S. W. (2d) 314, and the cases there cited.

The testimony was objected to upon the further ground that the answer did not set up this defense, and instructions submitting that issue were objected to for the same reason.

The objection to this testimony and to the instruction submitting this question of fact to the jury is answered by citing § 1234, Crawford & Moses' Digest, which reads as follows: "No variance between the allegations in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his

prejudice in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be shown to the satisfaction of the court, and it must also be shown in what respect he has been misled; and thereupon the court may order the pleading to be amended upon such terms as may be just."

It is insisted that this issue of fact was within the scope of the answer filed, but that in no event was appellant misled to its prejudice. *First National Bank of Monette* v. *First National Bank of Lepanto,* 159 Ark. 517, 252 S. W. 594. But, however that may be, appellant did not plead surprise, and did not ask a continuance on that account. The trial court might have granted a continuance for that reason had the request been made. Appellant elected to speculate upon the outcome of the trial without making that request. Had it been made, the court might have permitted the amendment to be made, but upon such terms as appeared to be just, as provided by statute. *Butler County R. R. Co.* v. *Exum,* 124 Ark. 233, 187 S. W. 329.

No error appears, and the judgment must be affirmed. It is so ordered.