SELLERS *v.* HARVEY.

4-9793                                      249 S. W. 2d 120

Opinion delivered May 12, 1952.

Rehearing denied June 16, 1952.

542

*Alfred Featherston,* for appellant.

*Sigun Rasmussen* and *David L. Mallory,* for appellee.

MINOR W. MILWEE, Justice. The principal issue on this appeal is whether the trial court abused its discretion in overruling appellant's motion for new trial based on newly discovered evidence.

Appellee recovered a $6,000 verdict and judgment against appellant for personal injuries allegedly sustained when he was struck by an automobile driven by appellant. The incident occurred about 6 a. m., August

21, 1950, at a filling station in Hot Springs, where appellee was employed as an attendant. There are three gasoline pumps in a row between the station and the street with a driveway on each side of the row of pumps. The testimony on behalf of appellee is that he was engaged in taking meter readings from the pumps for a change in shifts and was standing in the outside driveway reading the meter on the third, or north, pump when appellant, approaching from the south, recklessly, intentionally, and while under the influence of intoxicants, drove her automobile into appellee. Appellee was hospitalized for twenty-one days and suffered loss of earnings and incurred medical expenses of approximately $1,500 which he recovered under a policy of workmen's compensation insurance.

A city patrolman who, in company with three other officers, arrested appellant at her home about thirty minutes after the accident, testified that she told him she thought appellee was her husband who was then at the station and that she ran into appellee and tried to kill him and would do the same thing again.

The testimony on behalf of appellant was to the effect that appellee stepped out from between the pumps into the pathway of appellant's automobile, or against it, too suddenly for appellant to stop her car. Appellant admitted she had been drinking the night before the accident. She could not remember what she had told the officers when they came to her home as she had taken a sedative.

Appellant's present counsel did not represent her before or at the trial. He filed a second motion for new trial based on newly discovered evidence which is set out in the brief but failed to abstract the attached affidavits in support of said motion. As shown by appellee's abstract, there are several allegations in the motion which are not sustained by the supporting affidavits. The principal item of alleged newly discovered evidence is that the first, or south, gasoline pump must be read from the inside driveway and the second and third pumps are read from the outside driveway, while ap-

pellee testified that all three pumps were read from the outside driveway.

This court has consistently applied the following rules in considering an application for a new trial on the ground of newly discovered evidence under the seventh sub-division of Ark. Stats., § 27-1901: First, the testimony must have been discovered since the trial; second, it must appear that the new testimony could not have been obtained with reasonable diligence on the former trial; third, it must be material to the issue; fourth, it must go to the merits of the case, and not to impeach the character of a former witness; fifth, it must not be cumulative. *John Robins* v. *Absalom Fowler,* 2 Ark. 133; *Mo. Pac. Transportation Co.* v. *Simon,* 200 Ark. 430, 140 S. W. 2d 129.

Another settled rule is that the motion is addressed to the sound discretion of the court and this court will not reverse for failure to grant it unless an abuse of such discretion is shown. *Forsgren* v. *Massey,* 185 Ark. 90, 46 S. W. 2d 20.

The proposed new testimony in contradiction of that of appellee as to the manner in which the pumps are read is contained in the supporting affidavit of Frank Dean who was employed at the station when the accident occurred, but was not subpoenaed and did not testify at the trial. According to this affidavit the first, or south, gas pump could only be read from the inside driveway, while the last two pumps are read from the outside driveway. It is also stated in the affidavit that appellee stepped into the outside driveway and was fixing to read or had started the reading of the second pump when appellant struck him with her car. Dean also stated in the affidavit that he had lived at various places in Hot Springs since the accident except for a month when he lived in Houston, Texas. In view of the facts set forth in the affidavit it is difficult to understand what difference it would make whether appellee was standing in front of the second pump, as Dean stated, or the third pump, as appellee testified, when he was struck by appellant.

Even if the testimony to the effect that the south pump could only be read from the inside driveway was material, it could have been produced at the trial by the exercise of reasonable diligence. Leonard Kimbrough, a witness for appellant, testified at the trial that the pumps read differently, some from the left and some from the right side, and that appellee was struck when he stepped from between the second and third pumps. The trial took place in Hot Springs where the filling station is located. If appellant was surprised by appellee's testimony, as she now contends, she could have requested a short postponement to ascertain the manner in which the pumps were read. The applicable rule is stated in the headnote to *Nickens* v. *State*, 55 Ark. 567, 18 S. W. 1045, as follows: "One who is surprised by his adversary's testimony is not entitled to a new trial on that ground if, instead of asking a postponement to procure necessary evidence, he reserves his surprise as a masked battery in the effort for a new trial." We conclude that the alleged new evidence as to pump readings was not material and that appellant waived her right to plead surprise at appellee's testimony on this issue.

The motion for new trial also alleges that it was impossible for appellant to foretell that appellee would testify that he was seriously injured or that he was going to exaggerate his injuries, that appellant was surprised at such testimony and had no opportunity to procure evidence to offset it. Affidavits of several persons residing in Hot Springs were attached to the motion to the effect that appellee used crutches and a cane during the latter part of 1950 but did not use them or appear to have any physical disability after March, 1951. These affidavits indicate that affiants were in Hot Springs from the date of the accident until the date of the trial on October 19, 1951, and there is no indication that their testimony could not have been obtained prior to the trial, if appellant had used reasonable diligence. Moreover, the allegations of the complaint were sufficient to apprise appellant that appellee was claiming serious, specific, painful and permanent injuries and that he was asking damages in the sum of $21,000 on account of pain

and suffering, loss of earnings, and expenses for medical treatment and hospitalization. Under these allegations appellant was in no position to plead surprise at appellee's testimony relative to the seriousness of his injuries. There is nothing in the supporting affidavits to dispute the fact that appellee was hospitalized for twenty-one days and little to disprove the testimony of appellee's physician concerning the extent of the injuries. The alleged new testimony on this point was also cumulative.

It is also insisted that appellee was guilty of contributory negligence as a matter of law and that the trial court erred in denying appellant's motion for a directed verdict on that ground at the close of the testimony on behalf of appellee. The pivotal issue in this lawsuit is whether appellant recklessly or intentionally ran appellee down while he was standing in the outside driveway reading the pump, as witnesses on his behalf testified, or whether appellee suddenly and carelessly stepped out in front of or against appellant's car, as some of appellant's witnesses testified. Under this conflicting evidence the question whether appellee was guilty of contributory negligence was a disputed one of fact to be determined by the jury. *Ark. Central Ry. Co.* v. *Williams,* 99 Ark. 167, 137 S. W. 829. No objection is made to the instructions properly submitting this issue to the jury.

The circuit judge did not abuse his discretion in overruling the motion for new trial and the judgment is affirmed.