ORVILLE M. FINE ET AL *v.* JOSEPH O. BUCHA ET AL

5-5138 449 S. W. 2d 406

Opinion delivered January 26, 1970

*N. D. Edwards* and *Robinson & Booth,* for appellants.

*Batchelor & Batchelor,* for appellees.

J. FRED JONES, Justice. Orville M. Fine and Mr. and Mrs. Carle Robbins owned land in Crawford County, Arkansas, and they filed a petition in the Crawford County Chancery Court to quiet title, and to cancel certain tax deeds as clouds on their title, to some of the land. Fine and Robbins bring this appeal from that portion of the chancellor's decree denying the relief they prayed against Watson and McTavish as to the Fractional E½ of Section 20, T 8 N of R 30 W, being that part of Section 20 lying north of the Arkansas River and containing 5 to 7 acres. The chancellor dismissed the complaint for want of equity as to this land and Fine and Robbins rely on the following points for reversal:

> "The court erred in finding the appellants were not in possession of disputed land.
>
> Appellants proved all elements of their case by a preponderance of the evidence and the court erred in refusing to quiet their title."

From the record before us, upon trial de novo, we are unable to agree with the chancellor's decree. By state deed dated May 10, 1939, James Renfroe acquired title to an island in the Arkansas River. The appellants in their brief refer us to "(Tr. 107-108)" for copy of this deed. The photocopy of the deed at page 107 of the transcript is totally illegible. From page 108 of the transcript, however, we are able to glean what appears to be a land description as follows:

> "Beginning at the Quarter Section corner of Sec-

tions 16 and 17 in Township 8 North of the Base Line, in Range 30 West of the Fifth Principal Meridian in Arkansas, and running thence South 27 chains and 10 links to the Fractional Section corner between Section 16 and 17, on the Southeasterly point of said Island; thence South 50¾° West 20 chains and 39 links to the Fractional Section corner between Sections 17 and 20, on the South side of said Island; thence South 70° West 25 chains and 75 links; thence West 5 chains; thence North 36½° West 10 chains and 75 links to the Fractional Section corner between Sections 17 & 20 on the West end of said Island; thence North 35 & ¾° East 24 chains and 80 links; thence North 45° East 28 chains and 28 links; thence North 30¼° East 36 chains and 36 links to the North end of said Island; thence South 3° East 31 chains and 45 links to the Quarter Section corner between Sections 16 & 17 to the point of beginning containing One hundred Eighty-Four and 42/100 (184.42) acres, according to the survey thereof, field notes and plat of which are now on file in this office."

Under this same description Renfroe deeded this island to Fine and Robbins on January 6, 1956, and the deed contained the additional phrase "also all accretions thereto." It is under this deed that Fine and Robbins claim record title to that part of Section 20 lying north of the Arkansas River and containing 5 to 7 acres.

The plat referred to in both deeds is dated September 19, 1939, and was offered in evidence as defendant Watson's exhibit "A." It shows two very well defined river channels running northwest and southeast around Renfroe Island, with the south edge of the island extending slightly from Section 17, south into what appears to be, the NW¼ of the NE¼ and the NE¼ of the NW¼ of Section 20. Defendant Watson's exhibit "B," a Lavaca quadrangle topographic map, 1951 edition, shows the north shore of the Arkansas River extending slightly

into what appears to be the NW¼ of the NE¼ of Section 20, but no island is indicated on this exhibit. The aerial photograph made in 1954 and offered in evidence as plaintiffs' exhibit 35, does not show an island at all and shows nothing on its face as to how much, if any, of the disputed part of Section 20 is on the north side of the river.

The tax deeds to McTavish and Watson, which Fine and Robbins seek to set aside, were dated in 1959 and 1962 respectively. They were for 1952 and 1958 taxes and purported to convey 10 acres in "Pt N½ NE¼ Sec. 20," and "Pt E½ Sec. 20" respectively. McTavish and Watson prayed no affirmative relief, but only denied that Fine and Robbins were entitled to the relief they sought. It is quite true that in this suit to quiet title the petitioners must rely on the strength of their own title and not on the weakness of their adversaries' title. *Corn* v. *Ark. Warehouse,* 243 Ark. 130, 419 S. W. 2d 316. It is also true that a deraignment of perfect title is not necessary to sufficiently support title for the purpose of setting aside and cancelling void tax deeds. *Davis* v. *Stonecipher,* 218 Ark. 962, 239 S. W. 2d 756.

No one who testified in this case seemed to know where the land lines were. Mr. Fine only knew that he purchased Renfroe Island; that he cleared it up and had been farming all of it. It appears that what may have once been the south side of Renfroe Island is now a part of the north bank of the Arkansas River, and that Mr. Fine still farms all of what was originally Renfroe Island and that his farming operation may extend south to the Arkansas River.

Fine and Robbins did not have their land surveyed when they purchased it, nor did they have it surveyed in preparation for this lawsuit. They alleged that the appellees have void tax deeds which are clouds on their title. They proved their purchase and possession of Renfroe Island, and we conclude that they are entitled to

have their title under the description of their deed from Renfroe quieted as against McTavish and Watson; and that they are entitled to have the tax deeds to McTavish and Watson cancelled as clouds on their title insofar as the tax deeds may relate to any of the land purchased or possessed by them as part of what was originally Renfroe Island, together with any accretions thereto as described in their deed from Renfroe. The chancellor's decree is reversed and this cause remanded for further proceedings not inconsistent with this decision.

Reversed and remanded.