Joseph M. THORNE *v*. Benny W. MAGNESS and Janie Magness, His Wife

CA 90-220                                          805 S.W.2d 95

Court of Appeals of Arkansas
Division II
Opinion delivered March 13, 1991

*Christopher Carter*, for appellant.

*Frank H. Bailey*, for appellants.

GEORGE K. CRACRAFT, Chief Judge. Joseph M. Thorne appeals from a decree of the Baxter County Chancery Court quieting title to a tract of land in Benny and Janie Magness. The chancellor found that appellant's tax deed was void and that appellees were the owners of the property. Appellant contends that the trial court erred in setting the tax sale aside because appellees lacked standing to attack it; in not holding that appellees had not acted in good faith and were barred from maintaining the action under the doctrine of clean hands; and in failing to grant his motion for a new trial or to amend the judgment and increase the award of damages. We find no error and affirm.

On November 24, 1982, appellant obtained a certificate of purchase on a tract of property at a collector's tax sale. Although appellant received the certificate of purchase on that date, he did not receive a deed from the county clerk until November 23, 1987. His deed was recorded on that same day. Appellant thereafter made improvements on the property.

On August 3, 1989, appellees filed their petition to quiet title against appellant alleging that they were the owners of the property; that they acquired title by virtue of a quitclaim deed from First National Bank & Trust Company of Mountain Home; that they and their predecessors had adversely possessed the property for more than seven years; and that the tax deed conveying the property to appellant was void because of the clerk's failure to comply with the statutes governing the forfeiture and sale of lands delinquent for nonpayment of taxes. Appellant answered denying the allegation and alleging that, because appellees had received their deed from First National Bank & Trust Company on March 13, 1989, but had not recorded it until after this suit was brought, they were without clean hands to seek quiet-title relief. Appellant counterclaimed seeking to have title confirmed and quieted in him.

The chancellor found a number of fatal irregularities in the tax sale and set aside the deed from the county clerk to appellant. In quieting title in appellees, the chancellor found that they had

acquired title by virtue of a quitclaim deed, dated March 13, 1989, and that they and their predecessors had adversely possessed the property for over seven years. The chancellor awarded appellant damages in the amount of $1750.00 for improvements made to the property under color of title, as provided in Ark. Code Ann. § 18-60-213 (1987), and $291.06 as reimbursement for taxes paid on the property since the date of the collector's sale.

Appellant does not deny that the tax sale was defective and void. He contends that the chancellor erred in setting it aside because appellees lacked standing under Ark. Code Ann. § 26-38-107(b) (1987) to challenge its validity in that they did not acquire record title to the property until 1989, did not prove their chain of title, and had not paid taxes on the property for at least seven years. We disagree.

Arkansas Code Annotated § 26-38-107(b) provides:

No person shall be permitted to question the title acquired by a deed of the county clerk without first showing that he, or the person under whom he claims title to the property, had title thereto, at the time of the sale, or that title was obtained from the United States, or this state, after the sale, and that all taxes due upon the property have been paid by such person, or the person under whom he claims title as aforesaid.

Although appellees did not acquire their deed from their immediate predecessor until March 1989, appellees did prove that their predecessors in title had legal title to the property at the time of the tax sale as required by the statute. The clear wording of the statute requires only that the persons under whom appellees claim had title at the time of the sale.

The record discloses that, at the time the sale was held the property taxes had been assessed in the name of "Steakhouse Marketing Company." Appellees introduced into evidence an abstract of title to the property in question which deraigned appellees' title from an original source to Steakhouse Marketing Company, in whose name the forfeiture occurred. They further deraigned their title from Steakhouse Marketing Company to the First National Bank & Trust Company, from whom appellees acquired title in 1989. These exhibits were admitted without

objection, and we find no evidence that disputes their validity. Appellees satisfied the requirements of the statute. *See Fine* v. *Bucha*, 247 Ark. 1074, 449 S.W.2d 406 (1970); *Davis* v. *Stonecipher*, 218 Ark. 962, 293 S.W.2d 756 (1951).

■ Nor do we find merit in the argument that appellees lacked standing because the record showed that they had not paid taxes on the property. The court specifically found that the clerk had failed to append his certificate to the list of delinquent lands prior to the tax sale. In *Standard Securities Co.* v. *Republic Mining and Manufacturing Co*, 207 Ark. 335, 180 S.W.2d 575 (1944), the court held that this is a "meritorious defense" that could not be cut off by the legislature. *See also Cooper* v. *Freeman Lumber Co.*, 61 Ark. 36, 31 S.W. 981 (1895).

■ Appellant next contends that, because appellees' deed from the bank was not filed until after the petition was filed, they had come into court with unclean hands. This maxim bars relief only to those guilty of improper conduct in the matter as to which they seek relief. *Merchants & Planters Bank & Trust Co.* v. *Massey*, 302 Ark. 421, 790 S.W.2d 889 (1990). The fact that appellees' deed had not been recorded does not constitute evidence of improper conduct calling that maxim into play.

■ Relying on Ark. Code Ann. § 14-15-404(b) (1987), appellant contends that, because his deed from the county clerk was recorded prior to the time appellees' deed was recorded, they cannot maintain this suit. That section gives priority to the first recording only as between purchasers deriving their interest from a common grantor. *Taylor* v. *Scott*, 285 Ark. 102, 685 S.W.2d 160 (1985); *Richardson* v. *Fisher*, 236 Ark. 612, 367 S.W.2d 440 (1963). It has no application to an intervening tax deed obtained from a county clerk.

■ Appellant also argues that, even if his tax deed is void, it still constituted color of title and, because he paid taxes on the property for seven years under color of title, his title has ripened into good title under Ark. Code Ann. § 18-11-102 (1987), which provides that unimproved and unenclosed lands will be deemed to have been held in the possession of a person who pays the taxes on its under color of title for at least seven years in succession. Reliance on this section is misplaced. Although appellant purchased the property at the tax sale and was issued a certificate of

purchase in November 1982, he did not receive his deed until 1987. A certificate of purchase issued at a tax sale is not color of title. *Broadhead* v. *McEntire*, 19 Ark. App. 259, 720 S.W.2d 313 (1986). He therefore claimed under color of title for less than a year before the suit was filed.

While we agree with appellant that the evidence does not support the chancellor's finding that appellees had been in adverse possession for seven years preceding the filing of the action, for reasons previously discussed, we affirm his action in quieting title in appellees on proof that they were the holders of the record title. The decree is modified accordingly.

There was testimony that appellees first acquired their interest in the property at a foreclosure sale from the Small Business Administration and First National Bank & Trust Company in the late 1970's or early 1980's, but had not recorded the deed and did not know what happened to it. Appellee Benny Magness testified that he obtained the 1989 deed from the bank in order to clear up that interest and to obtain the remainder of the land that had belonged to the bank. Appellant contends that the chancellor erred in denying his motion for new trial, arguing that because appellees' petition failed to assert ownership of the property prior to March 1989, other than by adverse possession, he was surprised by this testimony and, therefore, was deprived of the affirmative defense of laches. We cannot agree.

Rule 59(a) of the Arkansas Rules of Civil Procedure provides that a new trial can be granted where there is proof of "accident or surprise which ordinary prudence could not have prevented." The trial judge has broad discretion in determining whether or not to grant a new trial, and his determination will not be disturbed on appeal absent a showing of abuse. *First State Bank* v. *Gramble*, 14 Ark. App. 53, 685 S.W.2d 173 (1985). Here, appellant did not request a continuance or move to amend his answer to assert the defense of laches, and the evidence he complains of was received without objection, as was appellees' deraignment of legal title. One who is surprised by his adversary's testimony is not entitled to a new trial on that ground if, rather than asking for a postponement to secure necessary evidence, he reserves his plea of surprise as a "masked battery in the effort for a new trial." *Sellers* v. *Harvey*, 220 Ark. 541, 249 S.W.2d 120

(1952). *See also Liggett* v. *Church of Nazarene*, 291 Ark. 298, 724 S.W.2d 170 (1987).

■ Appellant also contends that he should have the judgment reopened in order to produce additional evidence of his damages for improvements made on the property under color of title. As we have stated, appellant did not request a continuance at trial nor has he included in his brief any indication of what additional evidence he was prevented from producing at trial. We conclude there was no abuse of discretion in failure to reopen or in failing to grant a new trial.

Affirmed and modified.

COOPER and JENNINGS, JJ., agree.