Rayford SWINDLE and Wilma Swindle, Husband and Wife
*v.* LUMBERMENS MUTUAL CASUALTY COMPANY,
John Wright d/b/a Wright Realty Company,
Robert D. Holloway and Robert D. Holloway, Inc.

93-533                                    869 S.W.2d 681

Supreme Court of Arkansas
Opinion delivered December 20, 1993
[Rehearing denied January 24, 1994.]

---

*Holt, C.J., not participating.

416

*J.R. Nash*, for appellants.

*Davidson Law Firm*, by: *Stephen L. Gershner*, for appellee John Wright.

*Hankins, Hicks, Madden & Adcock*, by: *Stuart W. Hankins*, for appellees.

DONALD L. CORBIN, Justice. Appellants, Rayford and Wilma Swindle, filed suit against separate appellees Lumbermens Mutual Insurance Company, John Wright d/b/a Wright Realty Company, Robert D. Holloway and Robert D. Holloway, Incorporated. Appellants asserted claims of misrepresentation, negligence, breach of contract, and breach of warranty of habitability asso-

ciated with their purchase of a house. They claimed appellees were jointly and severally liable for $55,000.00 in compensatory damages and $50,000.00 in punitive damages. The trial court determined John Wright was not the owner of Wright Realty Company and granted summary judgment dismissing with prejudice the claims against him. The remaining claims were tried to a jury which found against appellants. Appellants assert four points of error in the proceedings below. We find no merit and affirm.

A review of the facts is necessary to an understanding of the arguments raised on appeal. The house in question is located in the Random Oaks Subdivision of Maumelle, Arkansas. Edgar and Pauletta Smith owned the house when Mr. Smith's employer, Lumbermens, transferred him to New Orleans. Through its relocation administrator in Illinois, Gloria Traudt, Lumbermens helped coordinate the sale of the Smiths' house in Maumelle. In accordance with Lumbermens custom, Traudt sought two appraisals of the Smiths' house and guaranteed payment of the average of the two appraisals, $65,500.00, to the Smiths upon sale of the house.

The house had been vacant for four years when appellants purchased it on September 1, 1988, for $55,000.00. Evidence revealed that during those four years there were substantial repairs made to the house and foundation totaling over $14,000.00. While Judy Cameron, a salesperson then employed by Wright Realty, was showing the house to appellants, Mr. Swindle inquired about a crack in the garage floor. Cameron informed appellants the foundation in the garage had been repaired. At appellants' request, Lumbermens had an engineer inspect the house. The engineer, separate appellee Robert D. Holloway, reported the house to be structurally sound. As part of the sale to appellants, Lumbermens put $2,500.00 in escrow for any costs appellants incurred to repair the foundation in the next year.

Before the year expired, appellants began to notice several problems with the house. Mrs. Swindle described the problems she noticed: a crack over the garage door was getting bigger; the kitchen ceiling was dropping; previous repairs to the living room showed new damage; a crack in the living room wall ran from top to bottom; doors in the back bathroom were cracked; all out-

side doors would not lock. Appellants contacted the escrow agent about collecting the $2,500.00 and eventually filed this suit.

For their first assignment of error, appellants challenge the admission into evidence of Lumbermens' Exhibits Six, Seven, and Nine. These exhibits are appraisals of the house in question and were admitted over appellants' objections of unfair surprise resulting in an unfair trial. The exhibits were not disclosed to appellants during discovery, although appellants submitted interrogatories that should have resulted in their disclosure. Lumbermens' counsel explained that the exhibits were not disclosed earlier because he did not know they existed until Traudt brought them with her from Illinois the day before trial.

Exhibit Six appraises the house in question at $67,500.00 as of April 30, 1984. Exhibit Seven values the house at $63,500.00 as of May 3, 1984. These were the two appraisals Traudt used to determine the amount Lumbermens would guarantee Smith. Exhibit Nine values the house at $56,000.00 on November 8, 1986. Traudt stated she sought this appraisal to verify the accuracy of the list price after two years.

Lumbermens contended the exhibits were evidence of the house's value and its good state of repair, and were therefore admissible to show Traudt had no fraudulent intent. The trial court admitted the exhibits on that basis, over appellants' objection of surprise, stating he could not see any way appellants would be prejudiced by their admission even if there was surprise. The trial court explained the documents were quite favorable to appellants in that they emphasized that Lumbermens had an interest in the case since it had guaranteed payment of $65,500.00 to Smith.

On appeal, appellants claim they were prejudiced in several ways. The thrust of their argument is on what they call a "bomb" in Exhibit Six. After trial, appellants discovered that the appraisal admitted as Exhibit Six indicated the house had a slab foundation which "appears to have a spring." Appellants contend they would not have purchased the house if they knew it was built on a spring. Appellants argue they were prejudiced by not examining Traudt about this comment and her knowledge of it since it had been in her files since 1984. Appellants also claim

they were prejudiced because the jury could have charged them with knowledge of the documents; thus, the jury might have been misled to believe the existence of the spring was disclosed to appellants. However, most significantly, appellants argue that if Lumbermens had simply complied with their discovery requests and disclosed this appraisal, they could have investigated the existence of the spring by talking with the appraiser or with other experts.

■ We need not consider the merits of appellants' argument because it is not preserved for our review. It has long been the rule in civil cases that both an objection and a request for a continuance are prerequisites to appellate review of a claim of surprise. *See e.g., Massengale* v. *Johnson,* 269 Ark. 269, 599 S.W.2d 743 (1980); *Arkansas Power & Light Co.* v. *Jennings,* 258 Ark. 908, 529 S.W.2d 866 (1975); *National Cash Register Co.* v. *Holt,* 193 Ark. 617, 101 S.W.2d 441 (1937).

The discussion regarding the admissibility of Exhibits Six, Seven, and Nine occurred outside the jury's presence during a fifteen-minute recess. The trial court called the recess after observing that the jury was in need of a break. Although appellants did object on the grounds of surprise, they did not move for a continuance. The failure to move for a continuance in which to further examine the exhibits indicates appellants' surprise was not so great that they felt unable to controvert the evidence presented by Lumbermens.

Appellants' second assignment of error is in the trial court's exclusion of a document entitled "Release Of All Demands" that Lumbermens requested appellants to sign in exchange for the release of the $2,500.00 in escrow. Appellants claim the release was not barred by A.R.E. Rule 408 and was admissible as evidence that Lumbermens breached its contract to pay the $2,500.00 for foundation repairs.

Lumbermens had deposited the $2,500.00 at the time of closing and the money remained in escrow for one year. Although Mrs. Swindle contacted the escrow agent during the year following the closing, the record does not reveal that appellants ever complied with the terms of the escrow agreement by presenting the escrow agent with any proof of costs they incurred to repair

damage to the foundation within the one-year period. The release was dated in 1990, after the one-year period for making claims on the escrowed $2,500.00 had expired. Thus, Lumbermens was no longer obligated under the escrow agreement when it tendered the release to appellants. Moreover, the document specifically states the payment of the $2,500.00 would be in consideration of appellants' release of "all claims, demands and causes of action that Releasors [appellants] ever had." Clearly, the document was an offer to settle all claims against Lumbermens and therefore should not have been admitted pursuant to A.R.E. Rule 408.

The trial court ruled the document was an offer of compromise and denied its admission on that basis. We do not find an abuse of discretion in that ruling.

For their third argument on appeal, appellants contend the trial court erred in granting summary judgment to John Wright because there was a factual issue in dispute, namely whether Wright was the owner of Wright Realty. John Wright moved for summary judgment and for dismissal for failure to plead facts. Wright attached to the motion an affidavit declaring he was not the owner of Wright Realty, the company which listed and sold the house to appellants, rather Wright Realty was operated as a division of John Wright Construction Company.

To support their burden of showing the fact of Wright's ownership was in dispute, appellants point to Mrs. Swindle's affidavit declaring that Wright Realty's agents had represented to her that Wright was the owner. ARCP Rule 56(e) requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." This court has stated that affidavits which are conclusory rather than factual are insufficient. *See McDonald* v. *Eubanks*, 292 Ark. 533, 731 S.W.2d 769 (1987). Mrs. Swindle's affidavit merely declares that she was *told* Wright was the owner of the real estate company by its agents. Her affidavit does nothing more than assert a conclusion that is based on hearsay. Nothing in the affidavit indicates Mrs. Swindle had personal knowledge that Wright was the owner of Wright Realty. Mrs. Swindle's affidavit does not

meet the requirements of Rule 56(e), and therefore does not create a dispute as to the fact of ownership of Wright Realty.

Appellants also point to a document Wright offered in response to discovery requests during the summary judgment proceedings. The document is an "Agreement between John Wright and Richard Greenlee on sale of fixtures in Wright Realty and closing of John Wright Construction Company's interest in Wright Realty." Appellants claim this document is evidence that Wright, not the construction company, was the seller of the real estate company. That is simply not the case. While the document does mention Wright individually in some places, it never indicates he is the owner of Wright Realty. At most, the document reveals that Wright was acting on behalf of the construction company.

■ Appellants have failed to meet their burden of demonstrating that a material question of fact exists. The trial court did not err in granting Wright's motion for summary judgment.

■ As their fourth assignment of error, appellants contend the trial court erred in denying its motion for new trial which was made on six grounds. The first three of the six grounds relate to Exhibit Six. Appellants claim they should have been granted a new trial because of an error of law in admitting Exhibit Six and because the information contained within Exhibit Six (the existence of a spring under the house) was surprise and newly discovered evidence. As for the error of law, we have previously stated that appellants did not request a continuance from the trial court. It was appellants' burden to do so, and we cannot say the trial court erred in the absence of such a request. As for the surprise and newly discovered evidence, the trial court observed that if in fact there was a spring under the house, such a fact could have been discovered by appellants on their own. As the numerous repairs made to the house were disclosed to appellants during discovery, we agree that reasonable diligence in investigating the cause of the numerous repairs could have resulted in knowledge of whether there was water under the house and therefore could have prevented any surprise caused by Exhibit Six. Accordingly, we cannot say the trial court abused its discretion in this regard. *See* ARCP Rule 59(a)(3), (7).

■ Appellants moved for a new trial on the grounds of error in law relating to the exclusion of the release and offer to compromise. We have previously concluded the trial court did not abuse its discretion in concluding the document was an offer to compromise. It follows that there was no error of law in excluding the offer to compromise, as such offers must be excluded pursuant to A.R.E. Rule 408.

■ Appellants argue they are entitled to a new trial because of an error in the amount of the recovery. They claim there was evidence to support a claim for the $2,500.00 in escrow, and since the jury did not award them at least the $2,500.00, there must have been error in assessment of the amount of the recovery. True, Mrs. Swindle testified that she contacted the escrow agent concerning collection under the escrow agreement. She also testified that the house was in need of repairs during the one-year period. However, there was never any evidence that appellants made any repairs to the foundation or that they informed the escrow agent of any costs they incurred for repairs to the foundation as required by the terms of the escrow agreement. The escrow agreement clearly states the money was placed in escrow for any costs incurred in repairing the foundation. There was no error in the denial of a new trial on this point.

The final argument asserted as grounds for a new trial concerns the dismissal by summary judgment of John Wright. Although this point has previously been addressed, appellants make an additional argument here concerning Cameron's deposition, which was taken after the summary judgment and was admitted at trial. In her deposition, Cameron stated that Wright was the owner of Wright Realty. Appellants contend, although this deposition was not before the trial court at the time of the summary judgment proceedings, the trial court could have considered it at the motion for new trial.

■ Appellants claim they are entitled to a new trial of the summary judgment issue pursuant to ARCP Rule 59(a)(1), based on an irregularity in the proceedings. We do not see that any irregularity occurred. Appellants have not asserted any reason why Cameron's deposition was not taken prior to the summary judgment hearing. The record indicates almost two months passed from the filing of Wright's motion to the summary judgment

hearing. During that two months, appellants sent interrogatories to Lumbermens. In the absence of any explanation as to why appellants did not take Cameron's deposition during that time, we have no choice but to conclude there was no irregularity.

The judgment is affirmed.

HOLT, C.J., not participating.