JONES RIGGING and HEAVY HAULING, INC.,
and Paul Kemp *v.* Shannon PARKER
and Michael Rodney Parker

01-770                                          66 S.W.3d 599

Supreme Court of Arkansas
Opinion delivered February 14, 2002
[Petition for rehearing denied March 21, 2002.]

*Friday, Eldredge & Clark*, by: *William M. Griffen, III* and *Jason B. Hendren*, for appellant.

*Wright, Chaney, Berry, Daniel, Hughes & Moore, P.A.*, by: *Don P. Chaney*, for appellees.

DONALD L. CORBIN, Justice. Appellants Jones Rigging and Heavy Hauling, Inc. ("Jones Rigging"), and Paul Kemp appeal the order of the Clark County Circuit Court granting Appellees Shannon Parker and Michael Rodney Parker a new trial. For reversal, Appellants argue that the trial court abused its discretion in granting a new trial on the basis of surprise, because it erroneously interpreted Ark. R. Civ. P. 59(a)(3). Appellees have filed a cross-appeal, arguing that the trial court erred during the trial in denying their motion *in limine*, thereby allowing Appellants to introduce extrinsic evidence to impeach a witness. This case was certified to us from the Arkansas Court of Appeals; as such, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(d). We agree with Appellants and reverse.

This case stems from an automobile accident that occurred on June 25, 1996, in Caddo Valley, while Kemp was employed as a

driver for Jones Rigging. At the time of the accident, Appellees were traveling north on Highway 7 when they collided with a tractor trailer driven by Kemp. Kemp, who had been sitting at a stop sign at an exit ramp off Interstate 30, was in the process of making a left-hand turn when Appellees' vehicle collided with the truck's right rear dual tires. Appellees admitted that just prior to the accident they had gone through the drive-through of a Taco Bell restaurant and were going to eat their food while driving to Hot Springs. Appellees initially denied being injured as a result of the accident and did not seek medical attention until later that evening.

Appellees filed a personal injury complaint against Appellants on October 1, 1997, alleging that Kemp was negligent in pulling out in front of them, thereby causing the accident and their subsequent injuries. Appellees also alleged in their complaint that under the doctrine of *respondeat superior*, Kemp's negligence was imputed to his employer Jones Rigging. Discovery ensued between the parties, and Appellants provided Appellees with information regarding Jones Rigging's status as an ICC motor carrier. In June 2000, however, Jones Rigging was dissolved, and its assets were sold. Appellants never supplemented any of their prior discovery responses to reflect Jones Rigging's changed status.

The case went to trial on January 29, 2001. During their case-in-chief, Appellees called Peter Waddell, who at the time of the accident was Director of Safety at Jones Rigging, to testify. During direct examination, Waddell testified that Jones had been dissolved and its assets sold. Waddell also testified about the creation of Sampson Heavy Hauling, d/b/a Jones Heavy Hauling. At the time this testimony was elicited, Appellees failed to object to Waddell's testimony, nor did they seek any type of curative relief. Likewise, at no time prior to the jury reaching a verdict, did Appellees notify the court that they had been surprised by the information of Jones Rigging's corporate status because of Appellants' failure to supplement their discovery responses. During closing statements, counsel for Appellees told the jurors that any negligence found on the part of Kemp would be imputed to Jones Rigging as his employer; thus, the issue of the trucking company's status was irrelevant. Moreover, the trial court instructed the jury that at the time of the accident Kemp was employed by Jones and any negligence on his part was chargeable to Jones.

The case was submitted to the jury on January 31, 2001, and they reached a unanimous verdict in favor of Appellants. Appellees subsequently filed a motion for a new trial, alleging that they were

surprised by the evidence of Jones Rigging's dissolution and ordinary prudence on their part could not have prevented such surprise. Appellees further stated that they were prejudiced by this new information, because the jury was left with the belief that Kemp would be individually liable for any judgment the jury might have awarded. Appellees also argued that they were entitled to a new trial, because the trial court erred in denying their motion *in limine* to prevent Appellants from presenting extrinsic evidence in an attempt to discredit one of their witnesses. Appellants responded to the motion by arguing that Appellees' failure to remedy any alleged prejudice prior to the jury reaching a verdict precluded them from seeking a new trial. Appellants also argued that they were under no duty to supplement their discovery responses, because Appellees never inquired about issues related to dissolution of the corporation.

The trial court initially denied the motion for a new trial, but Appellees then filed an amended motion, supplementing their previous motion with documentation from the Arkansas Secretary of State's office regarding Jones Rigging's dissolution. The trial court then granted the motion, finding that Appellees had been prejudiced by Appellants' failure to notify them of the dissolution of Jones Rigging. Although the trial court's order does not specifically recite the basis for granting the new trial, the language of the court's order indicates that the new trial was granted pursuant to Rule 59(a)(3), which allows for a new trial when a party's rights have been substantially affected due to surprise. The trial court did not address Appellees' argument regarding the motion *in limine*. From this order, comes the instant appeal.

The sole issue on appeal is whether the trial court manifestly abused its discretion in granting Appellees' motion for a new trial under Rule 59(a)(3). Appellants argue that the trial court did abuse such discretion, as it erroneously applied the provisions of Rule 59(a)(3) to the facts of this case. Appellants contend that Appellees' failure to seek curative relief prior to the jury reaching a verdict precluded them from seeking the remedy of a new trial. We agree.

■ ■ Upon review of a trial court's grant of a new trial, this court must determine whether the trial court abused its discretion. *Sunrise Enters., Inc. v. Mid-South Rd. Builders, Inc.*, 337 Ark. 6, 987 S.W.2d 674 (1999); *Razorback Cab of Ft. Smith, Inc. v. Martin*, 313 Ark. 445, 856 S.W.2d 2 (1993). Where a new trial has been granted, it is more difficult to prove that the trial court abused its discretion, as the party opposing the motion will have another opportunity to prevail. *Id.*; *Worthington v. Roberts*, 304 Ark. 551, 803

S.W.2d 906 (1991). This court has held that a manifest abuse of discretion is one exercised improvidently or thoughtlessly and without due consideration. *Martin*, 313 Ark. 445, 856 S.W.2d 2; *Security Ins. Co. v. Owen*, 255 Ark. 526, 501 S.W.2d 229 (1973). Even in light of this rigorous standard, the trial court in the present case clearly abused its discretion in granting Appellees a new trial.

■ Rule 59(a)(3) provides that a new trial may be granted where a party's substantial rights are materially affected by "accident or surprise which ordinary prudence could not have prevented." In *Swindle v. Lumbermens Mut. Cas. Co.*, 315 Ark. 415, 869 S.W.2d 681 (1993), this court reaffirmed the long-standing principle that both an objection and a request for a continuance are prerequisites to appellate review of a claim of surprise in civil cases. *See, e.g., Massengale v. Johnson*, 269 Ark. 269, 599 S.W.2d 743 (1980); *Arkansas Power & Light Co. v. Jennings*, 258 Ark. 908, 529 S.W.2d 866 (1975); *National Cash Register Co. v. Holt*, 193 Ark. 617, 101 S.W.2d 441 (1937). This principle was also recognized by the court of appeals in *Thorne v. Magness*, 34 Ark. App. 39, 805 S.W.2d 95 (1991). There, the court of appeals affirmed a trial court's denial of a new trial where the appellant failed to request a continuance and also failed to object to the testimony he claimed was a surprise. In so holding, the court of appeals stated that a person who is surprised by his adversary's testimony is not entitled to a new trial on that ground if, rather than asking for a postponement to secure necessary evidence, he reserves his plea of surprise as a "masked battery in the effort for a new trial." *Id.* at 44, 805 S.W.2d at 98 (quoting *Sellers v. Harvey*, 220 Ark. 541,545, 249 S.W.2d 120, 122 (1952)).

In the present case, Appellees chose to call Waddell as a witness after noticing that he was present in the courtroom. Thereupon, the following colloquy took place between counsel and Waddell:

Q: Okay, in 1999, how long had you worked for Jones?

A: A little over six years.

Q: And at that time, did you and the owner of the company, Mr. Dale Vinzant, jointly manage the company?

A: That's correct.

Q: And you would supervise the truck drivers for Jones Trucking?

A: Yes, sir.

Q: And at that time, you told me you thought you were going to be the corporate representative for Jones Trucking at this trial?

A: Yes, sir.

Q: But apparently your jobs have changed?

A: Yes, sir, Jones has sold.

Q: Okay. Is there still a Jones Trucking?

A: Kind of. It's Samson Heavy Hauling d/b/a Jones Heavy Hauling. So there is no more Jones Rigging Heavy Hauling.

Q: But there's a corporation that has bought that —

A: It's dissolved.

Q: The corporate entity?

A: Yes.

Q: Okay. The assets of the corporation were sold to another company?

A: Yes.

At no point during this exchange did Appellees object to Waddell's testimony. They also did not request a continuance or seek any type of curative relief, such as a cautionary instruction from the court.

▮▮ Moreover, Appellees were also responsible for introducing the offending testimony. It is well settled that a party who invites error may not complain of that error for which he or she is responsible. *McGhee v. State*, 330 Ark. 38, 954 S.W.2d 206 (1997); *Peters v. Pierce*, 308 Ark. 60, 823 S.W.2d 820 (1992). Cognizant of this rule of law, this court similarly held that it is not an abuse of discretion for a trial court to refuse to grant a new trial on the basis of surprise where the complaining party placed the surprising information into evidence. *Black v. Johnson*, 252 Ark. 889, 481 S.W.2d 701 (1972). Appellees' argument regarding Appellants' failure to supplement discovery does not negate the fact that Appellees were

the ones responsible for placing the offending testimony into evidence.

■ In addition to these procedural shortcomings, Appellees also failed to establish the basic elements required for the grant of a new trial. In order to obtain a new trial, Appellees must establish that their right to a fair trial was materially affected. In *Suen v. Greene*, 329 Ark. 455, 947 S.W.2d 791 (1997), this court reversed a trial court's grant of a new trial after holding that the trial irregularities complained of by appellee did not "materially affect the substantial rights of [the] party" *Id.* at 458, 947 S.W.2d at 793 (citing Ark. R. Civ. P. 59(a); *Diemer v. Dischler*, 313 Ark. 154, 852 S.W.2d 793 (1993)). In reversing the grant of a new trial in *Suen*, this court concluded that there was no possibility that the appellee was deprived of a fair trial, and thus, it was a manifest abuse of discretion to grant the motion.

■■ When claiming that a new trial is warranted because of surprise, the moving party must also show that such surprise could not have been prevented through ordinary prudence. *See* Rule 59(a)(3); *Black*, 252 Ark. 889, 481 S.W.2d 701. The court in *Black* held that a new trial was not warranted where the complained of information was obtainable through the exercise of due diligence. *See also Swindle*, 315 Ark. 41 Ark. 5, 869 S.W.2d 681. Here, Appellees state that even if they had acted with ordinary prudence, the information related to the dissolution would not have come to their attention. This argument is without merit. Appellees could have certainly propounded further discovery prior to trial in order to inquire about the status and solvency of Jones Rigging. Moreover, Appellees could have checked with the Secretary of State's office regarding Jones Rigging's corporate status, as they did after the jury reached a verdict in favor of Appellants. Such actions are not outside the realm of ordinary prudence.

■ We are likewise unpersuaded by Appellees' reliance on *Peters*, 308 Ark. 60, 823 S.W.2d 820. Appellees rely on this case for the proposition that testimony drawing attention to a party's inability to satisfy a judgment prejudices a plaintiff's right to a fair trial, because it appeals to the sympathy of the jury. There, this court reversed the trial court and ordered a new trial after the trial court refused to allow the appellant to introduce rebuttal evidence in response to the appellee's misleading testimony regarding his lack of insurance coverage. In reversing, this court noted that the trial court recognized that the misleading testimony had an impact on the jury,

but then refused to allow the appellant to correct the misinformation. *Peters* is distinguishable, because the jury was left with the misperception that a verdict could financially devastate the appellee. No such misleading testimony occurred in this case; nor was there any indication that the jury was affected by Waddell's testimony.

██ The trial court ruled that Appellants' failure to timely supplement its discovery responses regarding the dissolution of Jones Rigging prejudiced Appellees. The trial court's order, however, does not state how Appellees were prejudiced, nor is this court able to discern how such information, or lack thereof, prejudiced Appellees. A review of the record reveals that at the close of all the evidence, the trial court instructed the jury as follows:

> At the time of the occurrence, Jones Rigging and Heavy Hauling, Incorporated and Paul Kemp were employer and employee. Therefore, any negligence on the part of Paul Kemp is charged to Jones Rigging and Heavy Hauling Incorporated, with respect to the claims of the Plaintiffs, Shannon Parker and Michael Rodney Parker.

During closing argument, counsel for Appellees stated:

> MR. CHANEY: One of the things that you do not have to decide, and this may make this case a little easier, the Court is telling you that any negligence on the part of the truck driver, Mr. Kemp, any negligence is charged to Jones Rigging and Heavy Hauling. So you don't have to decide anything about [the] trucking company. It's responsible for its drivers. That's what that means.

And again during rebuttal, counsel stated that the trucking company had to be held accountable for the actions of Kemp. Here, the jury was clearly told that any negligence they found on the part of Kemp would be imputed to Jones Rigging. Appellees' assertion that the jury based its verdict on sympathy for Kemp, is nothing more than mere speculation.

██ ██ In sum, Appellees failed to take the necessary steps to preserve their right to claim entitlement to a new trial and also failed to prove that they did not receive a fair trial because of surprise. In *Steward v. McDonald*, 330 Ark. 837, 958 S.W.2d 297 (1997), this court held that a trial court's erroneous application of the law or a rule in granting a new trial constitutes a manifest abuse of discretion. Because the trial court erroneously interpreted Rule 59(a)(3), we reverse its order granting a new trial and remand for

reinstatement of the jury's verdict. The cross-appeal is, therefore, moot and we need not address it.

Reversed and remanded; cross-appeal moot.