SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-13-767

| | |
|---|---|
| GLEN DAVID WILSON | **Opinion Delivered** February 19, 2014 |
| APPELLANT<br>V. | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. CV-11-2807] |
| ARKANSAS STATE HIGHWAY COMMISSION | HONORABLE CRISTI BEAUMONT, JUDGE |
| APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Glen Wilson appeals from a jury verdict awarding him $18,650 in an eminent-domain proceeding brought by the appellee, the Arkansas State Highway Commission ("the Commission"). We affirm.

The Commission filed an eminent-domain action against Wilson in order to acquire two tracts of land—Tract No. 2 and Tract No. 6—in connection with construction on North Garland Avenue in Fayetteville. The Commission also sought a temporary construction easement on Tract No. 2E1. The Commission filed a Declaration of Taking and deposited a total of $27,850[1] into the registry of the Washington County Circuit Court. Wilson and the Commission came to a partial settlement, agreeing on the amount of

---

[1]This figure represented a calculation of just compensation of $9,200 for Tracts No. 2 and 2E1 and $18,650 for Tract No. 6.

SLIP OPINION

compensation for Tracts No. 2 and 2E1. They were unable to resolve the issue of just compensation as to Tract No. 6, which proceeded to a jury trial. The jury returned a verdict fixing just compensation at $18,650, from which a judgment was entered on May 14, 2013.

On June 10, 2013, Wilson filed a motion for new trial. He then filed his notice of appeal on June 13, 2013, specifically stating that he was appealing from the judgment filed on May 14, 2013. The circuit court entered an order on June 18, 2013, denying Wilson's motion for new trial. Wilson never filed an amended notice of appeal from this order.

In his first argument to this court, Wilson challenges the circuit court's refusal to strike testimony from one of the Commission's witnesses. Two real-estate appraisers testified at trial about the just compensation for Tract No. 6 after the taking. Wilson's real-estate appraiser, Glen Carlson, estimated the property to be worth $85,000 before the taking and $32,850 after the taking. Carlson therefore concluded that just compensation for Tract No. 6 would be the difference between those two figures, or $52,150. The Commission's real-estate appraiser, Chess Bartlett, testified that the property's value prior to the taking was $103,350 and that, after the taking, it would be valued at $84,700; therefore, the Commission's estimation of the just compensation was $18,650. This testimony, which was received without objection, was based upon a proximity study.

Wilson contends on appeal that he was "unfairly taken by surprise at the trial when the Highway Department's appraiser's testimony relied on a proximity study not furnished to Wilson," and he therefore contends that the trial court erred in denying his motion to strike Bartlett's testimony and report. Wilson's argument of unfair surprise, however, is not

preserved for our review. As Wilson concedes, there is a "long-standing principle that both an objection and a request for a continuance are prerequisites to appellate review of a claim of surprise in civil cases." *Jones Rigging & Heavy Hauling, Inc. v. Parker*, 347 Ark. 628, 66 S.W.3d 599 (2002) (citing *Massengale v. Johnson*, 269 Ark. 269, 599 S.W.2d 743 (1980); *Ark. Power & Light Co. v. Jennings*, 258 Ark. 908, 529 S.W.2d 866 (1975); *Nat'l Cash Register Co. v. Holt*, 193 Ark. 617, 101 S.W.2d 441 (1937)). *See also Thorne v. Magness*, 34 Ark. App. 39, 805 S.W.2d 95 (1991) (affirming trial court's denial of a new trial where the appellant failed to request a continuance and also failed to object to the testimony he claimed was a surprise).

Wilson failed to make a timely objection of the testimony in question. It was only after the conclusion of Bartlett's direct examination that Wilson contended that Bartlett's testimony and the proximity study were different from the appraisal report that had been prepared for the property and requested that Bartlett's testimony be stricken from the record. Moreover, Wilson never sought a continuance to examine the documents that were allegedly unbeknownst to him. Having failed to satisfy the prerequisites established by the supreme court in *Jones Rigging*, *supra*, Wilson is precluded from raising his unfair-surprise argument for the first time on appeal.

In his second point on appeal, Wilson argues that the circuit court erred in denying his motion for new trial. We are unable to address this issue either. Rule 4(b)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that, upon timely filing in the circuit court of a motion for new trial under Rule 59(a), "the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from

entry of the order disposing of the last motion outstanding." Rule 4(b)(2) declares the following:

A notice of appeal filed before disposition of any of the motions listed in paragraph (1) of this subdivision shall be treated as filed on the day after the entry of an order disposing of the last motion outstanding or the day after the motion is deemed denied by operation of law. Such a notice is effective to appeal the underlying judgment, decree, or order. A party who also seeks to appeal from the grant or denial of the motion shall within thirty (30) days amend the previously filed notice, complying with Rule 3(e). No additional fees will be required for filing an amended notice of appeal.

In *Edwards v Edwards*, 2010 Ark. App. 227, this court declined to address the circuit court's denial of the appellant's motion for new trial where appellant failed to file an amended notice of appeal that encompassed that denial: "We are without jurisdiction to address this issue. Appellant's notice of appeal, filed after the decree but before disposition of the new-trial motion, was effective only to appeal the decree; the record fails to show that appellant ever filed a new or amended notice of appeal after the new-trial motion was deemed denied." *Id.* at 3–4 (citing Ark. R. App. P.–Civ. 4(b)(2)); *see also Troutman Oil Co. v. Lone*, 75 Ark. App. 346, 355, 57 S.W.3d 240, 246 (2001) (refusing to consider issues raised in motion for new trial where appellant failed to file amended notice of appeal from order denying the motion).

As noted above, Wilson's notice of appeal was filed on June 13, 2013, which was timely and effective to appeal the May 14, 2013 judgment. The circuit court denied his new-trial motion in an order entered on June 18, 2013. Wilson, however, never filed an amended notice of appeal from this order. We are therefore precluded from addressing any of his arguments pertaining to the denial of his motion for new trial.



Affirmed.

HARRISON and WOOD, JJ., agree.

*Raymond C. Smith*, for appellant.

*Michelle Davenport*, Arkansas Highway and Transportation Department, for appellee.