SLIP OPINION



Cite as 2015 Ark. App. 170

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-657

BRIAN L. MCGEE

APPELLANT

V.

ARCHIE VANGORDER CUSTOM
HOMES, INC.

APPELLEE

Opinion Delivered March 11, 2015

APPEAL FROM THE GARLAND
COUNTY CIRCUIT COURT
[NO. 26CV-13-290]

HONORABLE JOHN HOMER
WRIGHT, JUDGE

AFFIRMED

## M. MICHAEL KINARD, Judge

Appellant Brian McGee purchased a home in Hot Springs, Arkansas, in September 2012. Some remodeling was subsequently performed by appellee Archie VanGorder Custom Homes, Inc. (VanGorder). In April 2013, VanGorder filed suit, alleging that McGee had failed to pay for the work. A bench trial was held on January 2, 2014, resulting in judgment for VanGorder. McGee then filed a motion for new trial, which was denied. On appeal, McGee argues that the trial court abused its discretion in denying his motion for new trial. We affirm.

At trial, McGee's real-estate agent, Sherry Smith, testified that she contacted Archie VanGorder on behalf of McGee prior to closing of the real-estate transaction. VanGorder was a licensed contractor but not a licensed inspector. Smith testified that because it was apparent that the home needed repairs, it would save McGee money to hire VanGorder

SLIP OPINION

rather than hiring a separate inspector and a separate contractor. VanGorder, along with a couple of subcontractors that he selected, walked through the home with Smith and McGee and compiled a list of things that needed to be repaired. The list, along with proposed bids for some of the work, was conveyed to Smith and McGee. McGee proceeded with the purchase of the home, and the repair work began after closing. VanGorder and McGee presented conflicting testimony on whether McGee had authorized all of the work for which VanGorder had billed him and whether all of the work had been performed properly or at all. The trial court found in favor of VanGorder and entered judgment against McGee.

McGee filed a timely motion for new trial pursuant to Arkansas Rule of Civil Procedure 59 on the basis of newly discovered evidence and surprise. He alleged that there was a water leak in his home soon after trial and that this led him to hire third parties to inspect the home. He claimed that these third parties discovered that at the time he purchased the home, there was a leak in the roof and the presence of mold. McGee claimed that these conditions should have been discovered by VanGorder and that he would not have purchased the home if the conditions had been discovered. McGee contended that he exercised reasonable diligence to discover defects in the home by hiring VanGorder to inspect the home. He argued that he would have filed a counterclaim or claimed a setoff had the condition of the home been known at the time of trial.

VanGorder filed a response to the motion. A hearing was held and the trial court took the motion under advisement, but it was deemed denied pursuant to Rule 59(b) before the trial court took any action on it. McGee filed a timely notice of appeal.

Arkansas Rule of Civil Procedure 59(a) provides that a new trial may be granted to all or any of the parties and on all or part of the claim on the application of the party aggrieved for any of the eight listed grounds materially affecting the substantial rights of such party. McGee relies on the grounds of "accident or surprise which ordinary prudence could not have prevented" and "newly discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial." Ark. R. Civ. P. 59(a)(3) & (7). A motion for new trial is addressed to the sound discretion of the court, and the trial court's refusal to grant it will not be reversed on appeal unless an abuse of discretion is shown. *Southern v. Highline Technical Innovations, Inc.*, 2014 Ark. App. 613, 448 S.W.3d 712. On a motion for new trial based on newly discovered evidence, the burden is on the movant to establish that he could not with reasonable diligence have discovered and produced the evidence at the time of the trial, that the evidence is not merely impeaching or cumulative, and that the testimony would probably have changed the result of the trial. *Id.*

McGee argues that he relied on VanGorder's inspection and that VanGorder should have discovered the hole and the leak in the roof. McGee claims that he could not have discovered this evidence sooner because the conditions existed in a closed utility space and were not visible to him. He argues that he did not have reason to question the quality of VanGorder's inspection until the leak occurred after trial.

VanGorder argues that McGee has failed to establish that he could not have discovered and produced the evidence at trial with the exercise of reasonable diligence. We

3

SLIP OPINION

agree.

In *Swindle v. Lumbermens Mutual Casualty Co.*, 315 Ark. 415, 869 S.W.2d 681 (1993), appellants sued several parties after discovering numerous problems with their house within a year after purchasing it. A jury found against appellants, who then filed a motion for new trial on several grounds, including surprise and newly discovered evidence. Appellants had discovered after trial that an appraisal of the house before their purchase indicated that the house had been built on a spring. The supreme court in *Swindle* agreed with the trial court that reasonable diligence in investigating the cause of the numerous repairs made before appellants' purchase could have resulted in knowledge of whether there was water under the house.

Here, the evidence also suggested that McGee could have discovered the alleged defects sooner if he had exercised reasonable diligence in investigating the condition of the home. VanGorder testified at trial that he was not a licensed home inspector, and McGee's real-estate agent testified that she was aware of this. VanGorder testified that he was hired to perform a visual walk-through of the home to see what needed to be repaired. VanGorder's response to the motion for new trial, along with his attached affidavit, stated that because McGee was with him the entire time, McGee was aware that he did not look at the roof or the attic. Ordinary prudence and reasonable diligence exercised before the purchase of the home or within the fifteen months between purchase and trial could have allowed McGee to discover the alleged defects through an inspection. We cannot say that the trial court abused its discretion in denying the motion for new trial.



Affirmed.

GLADWIN, C.J., and BROWN, J., agree.

*Legacy Law Group*, by: *Bryan J. Reis*, for appellant.

*Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor* and *Tasha C. Taylor*, for appellee.